THE PEOPLE v. MICHAEL BELLET.

*Constitutional law—Sunday labor—Barber shops.*

1. Act No. 148, Laws of 1893, which makes it unlawful for barbers to carry on their business on the first day of the week, commonly called "Sunday," and excepts from this inhibition persons who conscientiously believe the seventh day of the week should be observed as the Sabbath, and actually refrain from secular business on that day, is within the police power of the State, and is not in conflict with any express provision of the Constitution, nor with the fourteenth amendment of the Constitution of the United States.[1]

2. The following propositions are summarized from the opinion of Mr. Justice MONTGOMERY:

   *a*—By class legislation, we understand such legislation as denies rights to one which are accorded to others, or inflicts upon one individual a more severe penalty than is imposed upon another in like case offending.[2]

   *b*—The better reason for maintaining the police power to prohibit citizens from engaging in secular pursuits on Sunday is the necessity of such regulation as a sanitary measure.

   *c*—As to employments which are noiseless, and harmless in themselves, and conducted in a manner not calculated to offend those who, from religious scruples, observe Sunday as the

---

[1] See *Judefind v. State*, 22 L. R. A. 721, for note on the subject of the constitutionality of Sunday laws.

[2] See *Trust Co. v. Railroad Co.*, 14 L. R. A. 579, for note on the subject of class legislation.

Lord's day, this necessity appears to be the only valid source of legislative power; and this is based upon the fact that experience has demonstrated that one day's rest in seven is requisite for the health of most individuals, and not all individuals possess the power to observe a day of rest of their own volition; citing Tied. Lim. Police Power, 181.

Exceptions before judgment from the recorder's court of Detroit. (Gartner, J., presiding.) Submitted on briefs February 1, 1894. Decided February 20, 1894.

Respondent was convicted of having kept open his barber shop on Sunday, in violation of Act No. 148, Laws of 1893. Conviction affirmed, and court advised to proceed to judgment. The facts are stated in the opinion.

*George F. Robison,* for respondent.

*A. A. Ellis,* Attorney General, and *Allan H. Frazer,* Prosecuting Attorney, for the people.

MONTGOMERY, J. The respondent was convicted of a violation of the provisions of Act No. 148, Laws of 1893, and the sole question presented for our consideration is whether the act in question is constitutional. The act provides:

"That it shall be unlawful for any person or persons to carry on or engage in the art or calling of hair cutting, shaving, hair dressing, and shampooing, or in any work pertaining to the trade or business of a barber, on the first day of the week, commonly called Sunday, except such person or persons shall be employed to exercise such art or calling in relation to a deceased person on said day.

"SEC. 2. That it shall be unlawful for any such person or persons to keep open their shops or places of business aforesaid on said first day of the week, commonly called Sunday, for any of the purposes mentioned in section one of this act: *Provided,* however, that nothing in this act shall apply to persons who conscientiously believe the seventh day of the week should be observed as the Sabbath, and who actually refrain from secular business on that day."

It is urged that the act is invalid because it conflicts with section 32 of article 6 of the Constitution of this State, which provides, among other things, that no person shall be deprived of life, liberty, or property without due process of law, and for the further reason that it is in conflict with the fourteenth amendment of the Constitution of the United States, which provides that "no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws." It is conceded that the State, in the exercise of its police power, has the right to enact Sunday laws, and that it also has the right to provide for the regulation and restriction of those engaged in an employment which, in and of itself, may prove harmful to the community, such as the liquor traffic. But it is contended that the business of conducting a barber shop is not of this class, and that it is in the nature of class legislation to prohibit this business under more severe penalties than those provided for the conduct of other legitimate business on Sunday. We do not deem the act in question open to such objection. By class legislation, we understand such legislation as denies rights to one which are accorded to others, or inflicts upon one individual a more severe penalty than is imposed upon another *in like case* offending. In Cooley on Constitutional Limitations (*p. 390; 6th ed. p. 479), it is said:

"Laws public in their objects may, unless express constitutional provision forbids, be either general or local in their application. They may embrace many subjects or one, and they may extend to all citizens, or be confined to particular classes, as minors or married women, bankers or traders, and the like. * * * The legislature may also deem it desirable to prescribe peculiar rules for the several occupations, and to establish distinctions in the

rights, obligations, duties, and capacities of citizens. The business of common carriers, for instance, or of bankers, may require special statutory regulations for the general benefit; and it may be matter of public policy to give laborers in one business a specific lien for their wages, when it would be impracticable or impolitic to do the same for persons engaged in some other employments. If the laws be · otherwise unobjectionable, all that can be required in these cases is that they be general in their application to the class or locality to which they apply; and they are then public in character, and of their propriety and policy the legislature must judge."

In *Liberman v. State*, 26 Neb. 464, an ordinance of the city prohibited the keeping open of any business house, bank, store, saloon, or office, excepting telegraph offices, express offices, photograph galleries, railroad offices, telephone offices, hotels, restaurants, cigar stores, eating houses, ice-cream parlors, drug stores, etc. It was contended that the ordinance was open to the objection that it did not operate upon all citizens alike; that the respondent was compelled to close his place of business on Sunday, while drug stores, tobacco houses, and others in competition in business, were not required to do so. But the court held the act valid. In the present case it may have been the judgment of the Legislature that those engaged in the particular calling were more likely to offend against the law of the State providing for Sunday closing than those engaged in other callings. If so, it became a question of policy as to whether a more severe penalty should not be provided for engaging in that particular business on Sunday than that inflicted upon others who refuse to cease from their labors one day in seven.

2. Another question which naturally presents itself, but which has not been discussed by respondent's counsel, is whether the law is open to the objection that it is class legislation for the reason that those who observe the seventh day of the week as the Sabbath are excepted from its pro-

visions.   It has been held in one case (*City of Shreveport v. Levy,* 26 La. Ann. 671) that such a provision is unconstitutional because it discriminates between religious sects. But we find that such an exception to the general statute of this State relative to the observance of Sunday has been in force since 1846.   See How. Stat. § 2021.   And, while this question has never been directly passed upon, the validity of the act in question has been assumed in a large number of cases.   A similar question was raised in *Johns v. State,* 78 Ind. 332, and the clause was held not to conflict with a provision of the constitution which reads:

"The general assembly shall not grant to any citizen, or to any class of citizens, privileges or immunities which, upon the same terms, shall not belong equally to all citizens."

It was said:

"The framers of the statute meant to leave it to the consciences and judgments of the citizens to choose between the first and the seventh day of the week.   One or the other of these days, they must refrain from common labor. Which it shall be is to be determined by their own consciences.   It was not the purpose of the lawmakers to compel any class of conscientious persons to abstain from labor upon two days in every week."

The supreme court of Ohio has gone so far as to hold that a statute which did not contain such an exception was for that reason unconstitutional.   See *City of Cincinnati v. Rice,* 15 Ohio, 225; *City of Canton v. Nist,* 9 Ohio St. 439.

The better reason for maintaining the police power to prohibit citizens from engaging in secular pursuits on Sunday is the necessity of such regulation as a sanitary measure.   As to those employments which are noiseless, and harmless in themselves, and conducted in a manner not calculated to offend those who, from religious scruples, observe Sunday as the Lord's day, this necessity appears

to be the only valid source of legislative power; and this is based upon the fact that experience has demonstrated that one day's rest is requisite for the health of most individuals, and not all individuals possess the power to observe a day of rest of their own volition. As is well said by Mr. Tiedeman:

" If the law did not interfere, the feverish, intense desire to acquire wealth, so thoroughly a characteristic of the American nation, inciting a relentless rivalry and competition, would ultimately prevent, not only the wage-earners, but likewise the capitalists and employers themselves, from yielding to the warnings of nature, and obeying the instinct of self-preservation, by resting periodically from labor, even if the mad pursuit of wealth should not warp their judgment and destroy this instinct. Remove the prohibition of law, and this wholesome sanitary regulation would cease to be observed." Tied. Lim. Police Power, 181.

In Cooley's Constitutional Limitations (*p. 477; 6th ed. p. 584), it is said:

" It appears to us that, if the benefit to the individual is alone to be considered, the argument against the law which he may make who has already observed the seventh day of the week is unanswerable."

The obligation to cease from secular pursuits on one day of the week does not discriminate either in his favor or against him.

We think the statute under consideration is within the police power of the State, and not in conflict with any express provision of the Constitution, and that it does not conflict with the fourteenth amendment of the Constitution of the United States.

It follows that the conviction should be affirmed, and the case remanded, with directions to the recorder to proceed to judgment.

The other Justices concurred.