State v. Granneman.

THE STATE v. GRANNEMAN, *Appellant.*

Division Two, February 4, 1896.

1. **Constitution**: SUNDAY: BARBERING: STATUTE. The act of the legislature approved March 18, 1895, making it a misdemeanor to carry on the business of a barber on Sunday is in conflict with section 53, article 4 of the constitution which prohibits a special law where a general one can be made applicable.

2. BARBERING: STATUTE. Barbering is laboring within the meaning of a statute prohibiting labor on Sunday.

*Appeal from St. Louis Court of Criminal Correction.—* HON. DAVID MURPHY, Judge.

REVERSED.

*Martin & Bass* and *J. Hugo Grimm* for appellant.

(1) The act under which defendant was prosecuted, ''An act making it a misdemeanor for any per-

State v. Granneman.

son to carry on the business of barbering on Sunday".
(Laws of Mo. 1895, page 150) is in conflict with section
53 of article 4, and section 30 of article 2, of the constitu-
tion of this state and therefore void. *State v. Loomis,*
115 Mo. 307; *State v. Willett,* 54 Mo. App. 310; R. S.
1889, secs. 3852, 3854, 3855; *Ex parte Westerfield,* 55
Cal. 550; *Stratton v. Morris,* 89 Tenn. 497; *State v.
Sheriff,* 48 Minn. 236; *Bloom v. Richards,* 2 Ohio St.
391; Cooley Const. Lim. [6 Ed.], pp. 484, 485; *Matter
of Jacobs,* 98 N. Y. 99; *Calder v. Bull,* 3 Dallas, 386;
Tiedeman Limitation of Police Power, pp. 183, 184.
(2) The statute in question is so indefinite and ambig-
uous as to convey no definite or certain meaning, and
therefore is invalid. 23 Am. and Eng. Encyclopedia
of Law, 228, and cases cited. (3) The law violates
article 2, "Bill of Rights," constitution of Missouri,
sections 22 and 28, it being a limitation upon the right of
trial by jury, in that it takes away the right of a jury
to fix the punishment and leaves it to the discretion of
the court.

*R. F. Walker,* Attorney General for the state.

(1) The phrase "carrying on" as used in the
statute means the business or vocation conducted or
engaged in by one for a livelihood. Century Diction-
ary. (2) A general law may be passed prohibiting
labor of any kind on Sunday. *State v. Ambs,* 20 Mo.
214; *State v. Green,* 37 Mo. 466. (3) The statute in
question is general. It prohibits anyone from barber-
ing on Sunday. If it was more restrictive in its terms
and related simply to barbers as a class, it would still
be a general law. *Lynch v. Murphy,* 119 Mo. 163.
(4) The privileges and immunities protected by the
fourteenth amendment to the federal constitution are
such as arise out of the nature and character of the

federal government. *Duncan v. Mo.*, 152 U. S. 377.
(5) The equal privileges of citizens are not violated by
a statute prohibiting the carrying on of the business of
a barber on Sunday, although the statute may pre-
scribe greater penalties than those imposed on other
vocations for like offense; nor is such a statute invalid
as class legislation. *People v. Bellet*, 99 Mich. 151.
(6) Laws public in their object may extend to all
citizens or be confined to particular classes. Cooley
Const. Lim. [5 Ed.], pp. 482, 483; Story on Con.
[5 Ed.], sec. 1961. (7) A Sunday law is not void
because it discriminates between classes of persons and
excepts certain vocations from its provisions. *Liber-
man v. State*, 26 Neb. 464. (8) Statutes prohibiting
dramatic performances on Sunday are held constitu-
tional. *Lindenmuller v. People*, 33 Barb. 548; *Neuen-
dorff v. Duryea*, 69 N. Y. 557; *People v. Hoym*, 20 How.
Pr. 76. (9) A statute prohibiting the keeping open
of saloons on Sunday is not contrary to public policy,
and is not opposed to the constitutional provision for
the uniform operation of laws of a general nature. *Ex
parte Burke*, 59 Cal. 6; *People v. Griffin*, 1 Idaho, 476.
(10) A statute excepting druggists from the provi-
sions of a Sunday statute is not unconstitutional as a
denial of equal rights or as a special law. *Bohl v.
State*, 3 Tex. App. 683. (11) A statute prohibiting
stores, workshops, etc., from being open on Sunday, is
not a special law within the meaning of the constitu-
tional provision in regard to special laws. *Ex parte
Roser*, 60 Cal. 177. (12) The statute subjects all per-
sons violating its provisions to the same treatment
under like circumstances and conditions. It does not,
therefore, violate either the state or federal constitution
as to rights of citizens. *Dent v. West Va.*, 129 U. S.
114; *Hayes v. Missouri*, 120 U. S. 68; *Barbier v. Con-
nolly*, 113 U. S. 27; *Missouri v. Lewis*, 101 U. S. 22.

(13)   The enactment of the statute in question is the legitimate exercise of the police power, and is not unconstitutional.   While some courts have based their decisions in support of Sunday laws on religious grounds, the majority, especially recent cases, hold that a Sunday law is a police regulation.   *St. Joseph v. Elliott*, 47 Mo. App. 418; *McGatrick v. Wason*, 4 Ohio St. 566; *State v. Bott*, 31 La. Ann. 663; *Charleston v. Benjamin*, 2 Strobh. L. 508; *Specht v. Corn*, 8 Pa. 312; *Shorer v. State*, 10 Ark. 259.   (14)   If the statute excepted "works of necessity," those violating the law would still be subject to the penalties prescribed. It is unlawful to follow the calling of a barber on Sunday.   *Phillips v. Inness*, 4 Clk. & Fin. 234; *Com v. Waldmon*, 140 Pa. 89; *State v. Frederick*, 45 Ark. 347; *People v. Bellet*, 99 Mich. 151; *Com v. Dextra*, 143 Mass. 28; *Com v. Jacobus*, 1 Pa. Leg. Gaz. Rep. 491. (15)   Defendant was given a jury trial.   The statute does not attempt to prohibit trial by jury, and is therefore not violative of sections 22 and 28, article 2, constitution of Missouri.   The right to trial by jury exists under our constitution in all proper cases and is not dependent upon an express statutory grant.   It is therefore not necessary to the validity of a statute that it expressly reserves the right to trial by jury.   *Briggs v. Railroad*, 111 Mo. 168.   Statutes giving summary remedies against public officers have been upheld by the supreme court of Indiana on the ground that the act did not forbid trial by jury.   *Murray v. Asken*, 6 Marsh. 27.   In New York it has been held that a statute creating a court of special sessions for the trial of petit larceny without a jury was not violative of the constitution, which declared trial by jury shall remain inviolate.   *People v. Murphy*, 2 Cow. Rep. 815.

BURGESS, J.—Under an information filed in the St. Louis court of criminal correction by the assistant prosecuting attorney of that court, charging the defendant with willfully and unlawfully carrying on the business of barbering, in said city on Sunday, the thirtieth day of June, 1895, defendant was tried before a jury in said court on the sixteenth day of July, 1895, convicted, and his punishment fixed at a fine of $25. From the judgment he appealed.

Defendant's first contention is that the act of the general assembly entitled, "An act making it a misdemeanor for any person to carry on the business of barbering on Sunday," approved March 18, 1895 (Laws, 1895, p. 150), under which the conviction was had is in conflict with section 53 of article 4, of the constitution of this state, and therefore void.

There are but two sections in the act. They read as follows:

"Section 1. That it shall be a misdemeanor for any person to carry on the business of barbering on Sunday.

"Sec. 2. Be it further enacted, That anyone found guilty of violating the first section of this act shall be fined not less than twenty-five dollars nor more than fifty dollars, or imprisoned in the county jail not less than fifteen nor more than thirty days, or both, in the discretion of the court."

The section of the constitution with which it is claimed the law is in conflict, provides that, " The general assembly shall not pass any local or special law. * * * Where a general law can be made applicable, no local or special law shall be enacted; and whether a general law could have been made applicable in any case is hereby declared a judicial question, and as such shall be judicially determined, without regard to any legislative assertion on that subject."

Barbering is laboring, and the object of the act is to enforce an observance of the Sabbath, and to prohibit that kind of labor on that day. The policy of of our laws is to compel the observance of Sunday as a day of rest, and if this may be done by a general law, applicable alike to all classes and kinds of labor, then the act falls within the inhibition of the paragraph of the constitution quoted, which prohibits the legislature from passing any local or special law, where a general law can be made applicable. That a general law prohibiting all kinds of labor on Sunday, may not only be passed, but that we have such a law now upon our statute book, is indisputable. 1 R. S. 1889, sec. 3852.

In *State v. Wellott*, 54 Mo. App. 310, defendant was indicted, tried, and found guilty under that section of working at his trade as a barber on Sunday, and on appeal the judgment of conviction was affirmed. The question as to whether barbering on Sunday is laboring within the meaning of the statute was not called in question. Nor do we think there is room for reasonable minds to differ on that question. *State v. Frederick*, 45 Ark. 347.

The fact that laboring on Sunday may be prohibited by proper legislation, as a police regulation, does not place the act beyond or without the inhibition of the constitution. If the act is valid, then why may not the legislature by one act prohibit the farmer from laboring on Sunday, by another a blacksmith, and so on until all kinds of labor on that day are prohibited? Clearly this may be done by a general law embracing all kinds of labor. The object of the constitution is manifest. It was to prohibit special and local legislation and to substitute general law in place of it, wherever, by a general law, the same ends could be accomplished.

While we recognize the wholesome rule, that the invalidity of an act of the legislature passed in conformity with the mandates of the constitution, should appear beyond a reasonable doubt before we assume to pronounce it void, there is still another rule alike obligatory on us, which requires us to pronounce such a law invalid when it clearly appears to be so by reason of its being in conflict with the constitution.

Our conclusion is that the law is invalid because in conflict with the constitution. The judgment is reversed, and defendant discharged. GANTT, P. J., and SHERWOOD, J., concur.