BREYER v. STATE.

(*Nashville.*    March  15,  1899.)

1. BARBERING ON SUNDAY.    *Declared a misdemeanor.*

The Legislature has power to prohibit barbering on Sunday and to declare the same a misdemeanor and punish it as such. (*Post, pp. 104–106.*)

Cases cited and approved: Linck v. Nashville, 12 Lea, 499; Parker v. State, 16 Lea, 476; Davis v. State, 3 Lea, 377; Luerhman v. Tax. Dist., 2 Lea, 438; Railroad v. Hicks, 9 Bax., 442; Memphis v. Memphis Water Works, 5 Heis., 495; Hope v. Deadrick, 8 Hum., 59; Bell v. Bank, Peck, 269; Henley v. State, 98 Tenn., 665; 163 U. S., 299; 41 L. R. A., 854; 140 Pa., 89 (S. C., 11 L. R. A., 563); 45 Ark., 347; 149 N. Y., 195 (S. C., 31 L. R. A., 689); 22 L. R. A., 721.

Cited and distinguished: State v. Lorry, 7 Bax., 96.

2. SAME.    *Statute prohibiting not class legislation.*

A statute denouncing barbering on Sunday as a misdemeanor and imposing a heavier penalty upon that misdemeanor than is imposed by the general law upon other violations of the Sabbath is not unconstitutional as vicious class legislation. The classification, in such case, is not arbitrary and unnatural, and the statute is the law of the land.    (*Post, pp. 105–110.*)

Constitution construed: Art. I., Sec. 8.

Act construed: Acts 1891, Ch. 114.

Cases cited and approved: Vanzant v. Waddell, 2 Yer., 270; Stratton Claimants v. Morris Claimants, 89 Tenn., 522; Demoville v. Davidson County, 87 Tenn., 218; Henley v. State, 98 Tenn., 698; Railroad v. Harris, 99 Tenn., 704.

FROM  DAVIDSON.

Appeal  in  error  from  Criminal  Court  of  Davidson County.    J.  M.  ANDERSON,  J.

NOTE.—The authorities on the constitutionality of Sunday laws are collected in a note to *Judefind* v. *State* (Md.), 22 L. R. A., 721.

LYTTON TAYLOR for Breyer.

Attorney-general VAUGHN for State.

McALISTER, J.    Plaintiff in error was indicted in
the Criminal Court of Davidson County on a charge
of carrying on the business of a barber on Sunday.
By consent, the cause was submitted to Hon. J. M.
Anderson, Judge, without the intervention of a jury,
who, upon a consideration of the evidence, adjudged
the defendant guilty.

The evidence submitted on the trial below was
not preserved by bill of exceptions, and the only
question made in this Court is upon the constitu-
tionality of Ch. 114, Acts 1891.    That Act is as
follows: "It shall be a misdemeanor for any person
to carry on the business of barbering on Sunday in
Tennessee, and any person found guilty of violating
this section shall be fined not less than twenty-five
nor more than fifty dollars, or imprisoned in the
county jail not less than fifteen nor more than thirty
days, or both, in the discretion of the Court."
Shannon's Code, § 3030.

The general statute against Sunday violation was
passed in 1803, and was taken from the English
statute of 29 Charles II., as follows: "If any
merchant, artificer, tradesman, farmer, or other person
shall be guilty of doing or exercising any of the
common avocations of life, or of causing or permit-
ting the same to be done by his children or serv-
ants (acts of real necessity or charity excepted) on

Sunday, he shall, on due conviction thereof before any Justice of the Peace of the county, forfeit and pay three dollars; one-half to the person who will sue for the same, the other half for the use of the county.''

It was held by this Court in *State* v. *Lorry*, 7 Bax., 96, that barbering on Sunday was not indictable as a misdemeanor or as a nuisance. The Court said: ''The occupation of a barber stands on the same platform with that of the merchant, mechanic, farmer, or professional man. It is an occupation necessary for the comfort and convenience of the citizens, and is in no respect a nuisance. . . . The business of barbering is so essential to the comfort and convenience of the inhabitants of a town or city that it may be regarded as a necessary occupation. To hold that it becomes a nuisance when carried on on Sunday, is a perversion of the term nuisance. All that can be said of it is that, when prosecuted on Sunday, it is a violation of the statute, and subject to be proceeded against as prescribed by law, but not subject to be indicted as a nuisance.''

It will be observed, however, that the Act of 1891 declares the business of barbering on Sunday a misdemeanor, and an indictable offense, punishable by fine and imprisonment, in the discretion of the Court.

It is insisted by counsel for plaintiff in error that a statute applicable to barbers alone is not the law of the land, but is vicious class legislation. The

term "law of the land" is defined by our cases as
a law which embraces all persons who are or may
come into like situation and circumstances. *Vanzant*
v. *Waddell*, 2 Yer., 270, 271.

Says Mr. Cooley, in his work on Const. Lim., p.
390, viz.: "Laws public in their character, and other-
wise unobjectionable, may extend to all citizens or
be confined to particular classes."

As stated in *Stratton Claimants* v. *Morris Claim-
ants*, 89 Tenn., 522, "Citizens may be classified,
under Art. I., Sec. 8, of the Constitution, when the
object of the Legislature is to subject them to the
burden of certain disabilities, duties, or obligations
not imposed upon the community at large." The
only limitation is that the statutory classification must
be natural, and not arbitrary. *Demoville* v. *David-
son County*, 87 Tenn., 218–222; *Henley* v. *State*, 98
Tenn., 698; *Railroad* v. *Harris*, 99 Tenn., 704.

The statutes of this State, as already seen, pro-
hibit all persons from carrying on their usual and
ordinary vocations on Sunday.

Counsel for plaintiff in error cites, in support of
his contention, *Eden* v. *People*, decided by the Su-
preme Court of Illinois and reported in 32 L. R. A.,
659. In that case it appeared that the Legislature
of Illinois had passed an Act prohibiting barbering
on Sunday. There was no general law applicable
to other occupations. Under the law of that State
each and every citizen was left perfectly free to
labor and transact business on Sunday, or refrain

from labor and business, so long as he did not disturb the peace and good order of society. The Court said, viz.: "It is conceded in the argument that if the Legislature had enacted a law prohibiting all business on Sunday its validity would not be questioned; that such a law would violate no constitutional limitation." But because of the discrimination against the barber, the Act was adjudged class legislation. The legislation in Tennessee on this subject is wholly different. Here all persons are prohibited from carrying on business on Sunday.

It is insisted, however, that the barber is discriminated against in this: that for a violation of the Acts of 1891 he is punished by a fine of not less than $25 nor more than $50, or imprisonment in the county jail not less than fifteen nor more than thirty days, or both, in the discretion of the Court, while all other persons for a violation of the Act of 1803 are punishable by fine not exceeding $3, to be recovered before a Justice of the Peace. This precise question arose in the case of *People* v. *Bellet*, decided by the Supreme Court of Michigan, and reported in 22 L. R. A., 697. In that case it appeared that the Legislature of Michigan passed an Act prohibiting barbering on Sunday. The constitutionality of the Act was attacked upon the ground that it was in the nature of class legislation to prohibit this business under more severe penalties than those provided for the conduct of other legitimate business on Sunday. The Court

Breyer *v.* State.

cited, with approval, the following from Cooley on Constitutional Limitations, to wit: "If the laws be otherwise unobjectionable, all that can be required is that they be general in their application to the class to which they apply, and they are then public in character, and of their propriety and policy the Legislature must judge." In that case the Court remarked: "It may have been the judgment of the Legislature that those engaged in the particular calling were more likely to offend against the law of the State providing for Sunday closing than those engaged in other callings. If so, it becomes a question of policy whether a more severe penalty should not be provided for engaging in that particular business on Sunday than that inflicted upon others."

It is a notorious fact that, prior to the passage of the Act of 1891, barber shops all over the State were kept open on Sunday, and the former statute was wholly ignored and disregarded. Yet it is part of the history of this legislation that it was enacted at the urgent solicitation of the barbers themselves, acting individually and collectively through their organized associations. A day of rest was needed for this most industrious and overworked trade, and it was admitted that without the imposition of heavier penalties it could not be secured, for none were willing to close their shops on Sunday unless all were made to do so. The former law was found wholly ineffective. We cannot know or state judi-

cially what reasons controlled the Legislature in the passage of the Act, but considerations like these would constitute sound and valid reasons for this classification, and such classification would neither be arbitrary nor unreasonable.

Every sovereign State possesses within itself absolute and unlimited legislative power, except so far as it is prohibited by the fundamental law.  *Davis.* v. *State*, 3 Lea, 377; *Luehrman* .v. *Taxing District*, 2 Lea, 438; *Knoxville & Ohio R. R.* v. *Hicks*, 9 Bax., 442; *Memphis* v. *Memphis Waterworks*, 5 Heis., 495; *Hope* v. *Deaderick*, 8 Hum., 9; *Bell* v. *Bank*, Peck, 269; *Henley* v. *State*, 98 Tenn., 665.    The fact that the Legislature did not include other occupations in this particular statute, and the reasons for not doing so, are things which cannot be inquired into by the Courts.    Cooley's Const. Lim. (5th Ed.), 222, 225.    Of the policy or expediency of the law, the Legislature is the sole arbiter, and the law is valid, although a certain class (barbers) have been selected upon whom it shall operate.    Cooley's Const. Lim. (6th Ed.), 153, 154.    The business of a barber, while it may disturb nobody, is not a work of necessity or charity.    *Phillips* v. *Innes*, 4 Clark & F., 234; *Com.* v. *Wallace*, 140 Pa., 89 (11 L. R. A., 563); *State* v. *Frederick*, 45 Ark., 347.

In the case of *People* v. *Havnor*, 149 N. Y., 195 (S. C., 31 L. R. A., 689), it was held that a statute prohibiting barbers from carrying on their trade on Sunday is a constitutional exercise of the

police power to promote the public health. *Judefind* v. *State of Maryland*, 22 L. R. A., 721. In a note to this case many · authorities are collected, and the learned editor sums up the subject, viz.: "These cases are only a small portion in which Sunday laws have been enforced."

It is very evident, therefore, that the judicial sanction of Sunday laws, though they have been attacked on many points, has been very nearly unanimous. That such laws are not repugnant to fundamental constitutional principles is now so universally established in every jurisdiction in which such laws have been attacked, that it would seem to be settled as fully as judicial decisions can settle anything. *Linck* v. *Nashville*, 12 Lea, 499; *Gunter* v. *State*, 1 Lea, 129; *Parker* v. *State*, 16 Lea, 476; *State* v. *Powell*, 41 L. R. A., 854; *Hennington* v. *State of Georgia*, 163 U. S., 299–319.

Affirmed.