THE STATE OF UTAH, Respondent, v. HENRY SOPHER, Appellant.

No. 1409.    (71 Pac. 482.)

1. **Constitutional Law: Sunday Laws: Police Power: Restraint of Personal Liberty.**
   Revised Statutes, section 4234, prohibiting generally the keeping open on Sunday of any place of business for the purpose of transacting business therein, is not, as applied to a barber's shop, unconstitutional, as being an undue restraint of personal liberty, and depriving a person of life, liberty, and property without due process of law, but is a proper exercise of the police power of the State.[1]

---

[1] State v. Holden, 14 Utah 71, 46 Pac. 756; 37 L. R. A. 103; Holden v. Hardy, 169 U. S. 366, 42 L. Ed. 780.

**2. Same: Barber's Shop: Work of Necessity.**

The keeping open for business on Sunday of a barber's shop con-
nected with a hotel is not a work of necessity.

**3. Same: Class Legislation.**

The section is not unconstitutional as special legislation based
on an arbitrary classification by Revised Statutes, section
4235, excepting from such prohibition hotels, boarding houses,
baths, restaurants, taverns, livery stables, retail drugstores,
and such manufacturing establishments as are usually kept in
constant operation.

**4. Same: Construction.**

All presumptions are in favor of the validity of a statute and
unless the court can clearly say that the Legislature has
erred the act should stand and the prerogatives of the Leg-
islature not encroached upon.

(Decided February 4, 1903.)

Appeal from the Third District Court, Salt Lake County.—
*Hon. S. W. Stewart,* Judge.

The defendant was charged with and convicted of the
offense of keeping open a place of business on Sunday. He
appealed.

AFFIRMED.

*Messrs. Shepard & Shepard* for appellant.

*Hon. M. A. Breeden,* Attorney-General, and *Hon. W.
R. White,* Deputy Attorney-General, for the State.

The following cases sustain the constitutionality of Sun-
day laws: Ex parte Andrews, 18 Cal. 679; People v. Hav-
nor, 149 N. Y. 195; People v. Bellet, 99 Mich. 151; Ex
parte Burke, 59 Cal. 6; Bloom v. Richards, 2 Ohio St. 387;
McGatrick v. Wason, 4 Ohio St. 566; State v. Bott, 31 La.
Ann. 663; 33 Am. Rep. 224; Specht v. Commonwealth, 8 Pa.
312; Voglesang v. State, 9 Ind. 112; Shover v. State, 10 Ark.

259; Warner v. Smith, 8 Conn. 14; Commonwealth v. Hos, 122 Mass. 40; Bohl v. State, 3 Tex. App. 683; Lindenmuller v. People, 33 Barb. 548; Liberman v. State, 26 Neb. 464; State v. Powell, 58 Ohio St. 324; Nesbit v. State, 54 Pac. (Kas.) 326; State v. Petit, 77 N. W. 225; Judefind v. State, 78 Md. 510; 22 L. R. A. 721; State v. Hognever, 152 Ind. 652; Ex parte Kennedy, 58 S. W. 129.

Nearly all of the courts which have passed upon this feature of the law have declared that the work of a barber is not a necessity. State v. Frederick, 45 Ark. 347; Commonwealth v. Waldman, 140 Pa. St. 89; State v. Petit, 77 N. W. 225; Ex parte Kennedy, 58 S. W. 129; Commonwealth v. Dextra, 143 Mass. 28; Ungercht v. State, 119 Ind. 379; Commonwealth v. Jacobus 1, Pa. Leg. Gaz. Rep. 491; s. c., 15 Cen. L. Jour. 145; Commonwealth v. Williams, 1 Pearson (Ga.) 61; Petit v. Minnesota, 177 U. S. 164.

### STATEMENT OF FACTS.

Defendant is charged with the offense of keeping open a place of business on Sunday. It is alleged that he did "willfully and unlawfully conduct and operate a barber shop and keep the same open, and did then and there unlawfully conduct a general barber business therein." Defendant's demurrer to the complaint was overruled, and he was found guilty in the justice's court, and also in the district court, and fined in each court the sum of $15.

From the agreed facts it appears that defendant is a barber by occupation, and that on Sunday, June 16, 1901, he was in a barber shop in Salt Lake City, Utah, following his vocation as barber; that one J. H. Rothwell (who was a member of the Barbers' Union, which union was against Sunday labor), the complaining witness, came into said barber shop, entering by the side door of the shop, and asked to be shaved; that defendant shaved the said Rothwell, who paid said defendant on said day the sum of 25 cents; that

said barber shop was connected with the Albany Hotel, in said city; and that the evidence fails to show that any one else was shaved by defendant on said day.  Defendant's motion in arrest of judgment and motion for new trial were overruled, and defendant appeals to this court, contending that the law under which this prosecution was conducted (sections 4234, 4235, Rev. Stat. 1898) is unconstitutional and void for the following reasons:  (1) As being an undue restraint of personal liberty, and deprives a person of life, liberty, and property without due process of law; (2) it is special legislation, based upon an arbitrary classification; (3) the act complained of was an act of necessity, which is allowed to be performed on Sunday; (4) it is not a proper exercise of the police power of the State.

Section 4234 prohibits, in general, the keeping open on Sunday of any place of business for the purpose of transacting business therein, while section 4235 excepts from the preceding section hotels, boarding houses, baths, restaurants, taverns, livery stables, or retail drugstores, for the legitimate business of each, or such manufacturing establishments as are usually kept in constant operation.  The appellant does not contend that section 4234 would be unconstitutional if it stood alone, but that it is rendered so by the exceptions of the section which follows.

HART, District Judge, after stating the facts, delivered the opinion of the court.

General laws prohibiting the transaction of business on the first day of the week, commonly called Sunday, are so uniformly upheld by the courts as a legitimate exercise of the police power of the State that it is unnecessary to cite or discuss authority in support thereof.  It is only upon special statutes, or special exceptions to general so-called Sunday laws, that the constitutionality of such enactments is ser-

25 Utah—21

iously called in question. 24 Am. and Eng. Enc. Law (1 Ed.), p. 530.

In Cooley, Const. Lim. 734, the author says on Sunday laws: "There can no longer be any question, if there ever was, that such laws may be supported as regulations of police." The dissenting opinion of Judge Field in Ex parte Newman, 9 Cal. 518, which afterwards became the opinion of the court (Ex parte Andrews, 18 Cal. 678; Ex parte Burke, 59 Cal. 6, 43 Am. Rep. 231; and Ex parte Koser, 60 Cal. 177), and which has been extensively quoted and followed by other courts, clearly and forcibly explains the grounds upon which such laws safely rest. At page 520 of his opinion, in defense of a Sunday law, it is said: "In its enactment the Legislature has given the sanction of law to a rule of conduct which the entire civilized world recognizes as essential to the physical and moral well-being of society. Upon no subject is there such a concurrence of opinion, among philosophers, moralists, and statesmen of all nations, as on the necessity of periodical cessations from labor. One day in seven is the rule, founded in experience and sustained by science. There is no nation, possessing any degree of civilization, where the rule is not observed, either from the sanctions of the law or the sanctions of religion. This fact has not escaped the observation of men of science, and distinguished philosophers have not hesitated to pronounce the rule founded upon a law of our race." And again: "Labor is in a great degree dependent upon capital, and unless the exercise of the power which capital affords is restrained those who are obliged to labor will not possess the freedom for rest which they would otherwise exercise. . . . The law steps in to restrain the power of capital. Its object is not to protect those who can rest at their pleasure, but to afford rest to those who need it, and who, from the conditions of society, could not otherwise obtain it. Its aim is to prevent the physical and moral debility which springs from uninterrupted labor, and in this aspect it is a beneficent and

merciful law." The same authority quotes with approval the following from the Supreme Court of Pennsylvania (Specht v. Com., 8 Pa. 312, 49 Am. Dec. 518): "All agree that to the well-being of society periods of rest are absolutely necessary. To be productive of the required advantage, these periods must recur at stated intervals, so that the mass of which the community is composed may enjoy a respite from labor at the same time. They may be established by common consent, or, as is conceded, the legislative power of the State may, without impropriety, interfere to fix the time of their stated return, and enforce, obedience to the direction. When this happens some one day must be selected, and it has been said the round of the week presents none which, being preferred, might not be regarded as favoring some one of the numerous religious sects into which mankind are divided. In a Christian community, where a very large majority of the people celebrate the first day of the week as their chosen period of rest from labor, it is not surprising that that day should have received the legislative sanction. . . . It is still, essentially, but a civil regulation, made for the government of man as a member of society."

The necessity for Sunday laws is stated by Mr. Tiedeman as follows: "If the law did not interfere, the feverish intense desire to acquire wealth, so thoroughly a characteristic of the American nation, would ultimately prevent, not only the wage-earner, but likewise the capitalists and employers themselves, from yielding to the warnings of nature, and obeying the instincts of self-preservation, by resting periodically from labor, even if the mad pursuit of wealth should not warp their judgment and destroy this instinct. Remove the prohibition, and this wholesome sanitary regulation would cease to be observed." Tied. Lim., 181.

It is true there are some cases holding unconstitutional, for various reasons, special Sunday laws directed against some particular vocation, such as barbering; but the decisions upon such statutes are not uniform. For instance, Cali-

fornia, while strongly upholding a general law prohibiting
the transaction of general business on Sunday (Ex parte
Andrews, Ex parte Burke, and Ex parte Koser, supra), has
held unconstitutional a law directed against the open barber
shop on Sunday. Ex parte Jentzsch, 112 Cal. 468, 44 Pac.
803, 32 L. R. A. 664. This case is also followed in City of
Tacoma v. Krech (Wash.), 46 Pac. 255, 34 L. R. A. 68,
involving the validity of an ordinance of the plaintiff city
prohibiting barbering on Sunday "while other laboring peo-
ple in different characters of employment are allowed to
prosecute their work."

Illinois and Missouri have each held a special law against
Sunday barbering to be unconstitutional, there being at the
time in Illinois a general law making unlawful "whatever
disturbs the peace and good order of society by labor (works
of necessity and charity excepted)," and in Missouri a gen-
eral law broad enough to include barbering, and also a con-
stitutional provision enacting that "where a general law can
be made applicable no local or special law shall be enacted."
Eden v. People, 161 Ill. 296, 43 N. E. 1108, 32 L. R. A.
659, 52 Am. St. Rep. 365; State v. Granneman, 132 Mo.
326, 33 S. W. 784. It may be noted in this connection that
Illinois has held invalid a statute enacting that no female
shall be employed in any factory or workshop more than eight
hours in any one day, or forty-eight hours in any one week
(Ritchie v. People, 155 Ill. 101, 40 N. E. 454, 29 L. R. A.
79, 46 Am. St. Rep. 315), in marked contrast to the de-
cision of this court in sustaining an eight-hour law (State
v. Holden, 14 Utah 71, 46 Pac. 756, 37 L. R. A. 103; Hol-
den v. Hardy, 169 U. S. 366, 18 Sup. Ct. 383, 42 L. Ed.
780). Again, the general Sunday law of Illinois, above
referred to, was so construed as to permit other business of a
general nature to be transacted on the Sabbath. And so it
was forcibly argued in the Eden case that "if the merchant,
grocer, the butcher and druggist, and other trades and call-
ings, are allowed to open their place of business and carry

State v. Sopher.

on their respective vocations during seven days of the week, upon what principle can it be that a person who may be engaged in the business of barbering may not do the same thing?" The case of Ragio v. State, 86 Tenn. 272, 6 S. W. 401, cited by appellant, can not be considered as lending much support to this contention, as the law passed upon in that case was so framed as to permit a hotel keeper, or any one else except a barber, to keep open a bath-room on Sunday. Besides, the act legislated upon two subjects, contrary to the State Constitution.

But special laws directed exclusively against Sunday barbering and other vocations, and other Sunday laws with broader exceptions than in our own statute, have been strongly upheld by the greater number of the States and by the Supreme Court of the United States. Thus, the case of People v. Havnor, 149 N. Y. 195, 43 N. E. 541, 31 L. R. A. 689, 52 Am. St. Rep. 707, goes to the extreme of sustaining a law against Sunday barbering, with an exception in favor of barbering in the city of New York and the village of Saratoga Springs until the hour of one o'clock on Sunday afternoon. The decision collects many cases upholding laws which to some extent interfere with property and liberty, and the limitation is held to be "that the real object of the statute must appear upon the inspection to have a reasonable connection with the welfare of the public," and the conclusion is reached that "when thus exercised, even if the effect is to interfere to some extent with the use of property or the prosecution of a lawful pursuit, it is not regarded as an appropriation of property or an encroachment upon liberty, because the preservation of order and the promotion of the general welfare so essential to organized society of necessity involve some sacrifice of natural rights." In the same case it is said: "According to the common judgment of civilized men, public economy requires for sanitary reasons, a day of general rest from labor, and the day naturally selected is that regarded as sacred by the greatest number of citizens, as this causes the least inconvenience through interference with business."

Michigan also holds valid a special law against Sunday barbering, with an exception in favor of those who observe the seventh day of the week as a day of rest. People v. Bellet, 99 Mich. 151, 57 N. W. 1094, 22 L. R. A. 696, 41 Am. St. Rep. 589.

The ordinance approved in Liberman v. State, 26 Neb. 464, 42 N. W. 419, 18 Am. St. Rep. 791, excepts many more vocations from the general prohibition of Sunday labor than does our Utah statute. Bathrooms, under that ordinance, may be kept open on Sunday until 12 o'clock noon.

That Sunday labor is constitutionally punishable under general and special Sunday laws, see Nesbit v. State (Kan. App.), 54 Pac. 326; Com. v. Dextra (Mass.), 8 N. E. 756; Com. v. Waldman, 140 Pa. 89, 21 Atl. 248, 11 L. R. A. 563; State v. Frederick, 45 Ark. 347, 55 Am. Rep. 555; Breyer v. State, 102 Tenn. 103, 50 S. W. 769.

The Minnesota statute prohibits on Sunday all labor except works of necessity or charity, and declares that keeping open a barber shop shall not be deemed a work of necessity or charity. The law is held to be constitutional in the case of State v. Petit (Minn. 1898), 77 N. W. 225, confirmed in Petit v. Minnesota, 177 U. S. 164, 20 Sup. Ct. 666, 44 L. Ed. 716. In the latter case the Supreme Court of the United States quoted with approval the following language from the Minnesota decision: "Courts will take judicial notice of the fact that, in view of the custom to keep barber shops open in the evening as well as in the day, the employees in them work more, and during later hours, than those engaged in most occupations, and that this is especially true on Saturday afternoons and evenings; also that, owing to the habit of so many men to postpone getting shaved until Sunday, if such shops were permitted to be kept open on Sunday the employees would ordinarily be deprived of rest during half that day. In view of all these facts, we can not say that the Legislature has exceeded the limits of its legislative police power in declaring that, as

a matter of law, keeping barber shops open on Sunday is not a work of necessity or charity, while as to all other kinds of labor they have left that question to be determined as one of fact."

In State v. Powell, 58 Ohio St. 324, 50 N. E. 900, 41 L. R. A. 854, the court, in upholding a Sunday law as against baseball playing, remarked: "Liberty, as understood in this country, is not license, but liberty regulated by law. The personal liberty of every man is subject to such reasonable regulations as in the wisdom of the Legislature are regarded as necessary to promote, not only the peace and good order of society, but its well-being."

Likewise, in Barbier v. Connolly, 113 U. S. 27, 5 Sup. Ct. 357, 28 L. Ed. 923, involving the validity of an ordinance of San Francisco prohibiting the carrying on of public laundries and washhouses within certain prescribed limits of that city, Judge Field, for the court said: "But neither the amendment (fourteenth), broad and comprehensive as it is, nor any other amendment, was designed to interfere with the power of the State, sometimes termed its police power, to prescribe regulations to promote health, peace, morals, education, and good order of the people, and to legislate so as to increase the industries of the State, develop its resources, and add to its wealth and prosperity. . . . Class legislation, discriminating against some and favoring others, is prohibited; but legislation which, in carrying out a public purpose, is limited in its application, if within the sphere of its operation it affects all persons similarly situated, is not within the amendment."

And in Soon Hing v. Crowly, 113 U. S. 703, 5 Sup. Ct. 730, 28 L. Ed. 1145, involving a similar ordinance, the same judge said, in addition to the language quoted in State v. Holden, supra: "All sorts of restrictions are imposed upon the actions of men, notwithstanding the liberty which is guarantied to each. It is liberty regulated by just and impartial laws. . . . How many hours shall consti-

tute a day's work in the absence of contract, at what time shops in our cities shall close at night, are constant subjects of legislation. Laws setting aside Sunday as a day of rest are upheld, not from any right of the government to legislate for the promotion of religious observances, but from its right to protect all persons from the physical and moral debasement which comes from uninterrupted labor."

Many other authorities bearing on the questions raised in the case at bar are cited and reviewed in the decisions herein referred to. In view of the consideration and discussion of similar questions in State v. Holden, supra, we do not deem it necessary to more particularly consider the objections of appellant that the law in question is an undue restraint of personal liberty, and deprives a person of liberty, life, or property without due process of law, or that the same is not a proper exercise of the police power of the State. Upon the authority of that opinion, and of the cases therein and herein referred to, we are prepared to hold that said sections of our Code taken together are not unconstitutional upon the foregoing grounds, nor for any other reason assigned.

Whether the question be considered one of law or a conclusion of fact, we are of opinion that the act complained of was not an act of necessity. While shaving may be regarded as an act of personal cleanliness, desirable to be performed upon the first day as well as upon other days of the week, still the statute does not prohibit a man from shaving himself or from being shaved by his servant or valet. The statute is directed simply against the keeping open of a shop or place or business for the purpose of transacting business therein upon Sunday.

Neither can the court say that the classification of the statute is arbitrary. The exception permitting baths to be kept open on Sunday approaches nearest to the act here complained of; but the court is unable to say that there is such similarity between keeping open a bath-

house and a barber shop that it was not within the province of the Legislature to make a distinction between the two. Upon reflection, many points of difference in the manner in which each is conducted in this community are readily suggested. The court may not rightly assert a wisdom it would deny to the co-ordinate branch of government (the Legislature), and interfere with the discretion of that department of government. All presumptions are in favor of the validity of a statute, and unless the courts can clearly say that the Legislature has erred the act should stand, and the prerogatives of the Legislature not encroached upon. Courts may interpret, construe, declare, and apply the law, but may not usurp the functions of the lawmaking power by assuming to interfere with or control the legislative discretion. We cannot say that the law in question is not adapted in a reasonable degree to promote the health, comfort, safety, or well-being of society.

It is therefore ordered that the judgment of the lower court be affirmed.

BASKIN, C. J., and BARTCH, J., concur.