## ARMSTRONG *v.* THE STATE.

[No. 21,109.  Filed March 18, 1908.]

1.  CONSTITUTIONAL LAW.—*Sabbath Breaking.—Barbers.—Police Power.*—Section 2364 Burns 1908, Acts 1905, pp. 584, 692, §467, making it a misdemeanor to do common labor on the Sabbath day, is constitutional, as a proper exercise of the police power, and prohibits barbers from plying their trade on such day. p. 190.

2.  SAME.—*Special Legislation.*—One of the evils sought to be remedied by the Constitution of 1851 was the passage of local and special laws. p. 191.

3.  SAME.—*Local and Special Statutes.—Barbers.—Sabbath Breaking.*—The act of 1907 (Acts 1907, p. 89, §§2365-2367 Burns 1908) making it a misdemeanor for barbers to ply their vocation on the Sabbath day, violates Art. 4, §22 of the Constitution, providing that where a general law can be made applicable, local laws shall not be enacted. p. 192.

4.  CONSTITUTIONAL LAW. — *Class Legislation.* — *Classification.* — Where legislation affecting only a class of persons is permissible, the classification must be made upon natural, intrinsic, or constitutional distinctions.  p. 193.

From Criminal Court of Marion County (36,228) ; *William Irvin,* Judge *pro tem.*

Prosecution by the State of Indiana against William O. Armstrong.  From a judgment of conviction, defendant appeals.  *Reversed.*

*Michael A. Ryan* and *John C. Ruckelshaus,* for appellant.

*James Bingham,* Attorney-General, *A. G. Cavins, H. M. Dowling* and *E. M. White,* for the State.

MONTGOMERY, J.—Appellant was convicted on a charge of shaving and doing work pertaining to the trade and business of a barber and keeping his barber shop open on Sunday, in violation of an act prohibiting barbering and keeping open barber shops on Sunday (Acts 1907, p. 89, §§2365-2367 Burns 1908).

It is alleged that the court below erred in overruling appellant's motion to quash each count of the affidavit, and in overruling his motion for a new trial.

There is no formal defect in the affidavit, but it is assailed on the ground that the statute upon which it was predicated is unconstitutional and void.  The statute in question reads as follows :

"Section 1.  That it shall be unlawful for any person or persons to carry on or engage in the art or calling of hair cutting, shaving, hair dressing and shampooing, or in any work pertaining to the trade or business of a barber, on the first day of the week, commonly called Sunday, except such person or persons shall be employed to exercise such art or calling in relation to a deceased person.

Section 2.  That it shall be unlawful for any such person or persons, association, firm, corporation or club to keep open their shops or places of business aforesaid, on said first day of the week, commonly called Sunday, for any of the purposes mentioned in section one of this

act: Provided, however, that nothing in this act shall apply to persons who conscientiously believe the seventh day of the week should be observed as the Sabbath and who actually refrain from secular business on that day.

Section 3. Every person violating any of the provisions of this act shall, upon conviction thereof, be punished by a fine of not less than $10 nor more than $25 for each offense, to which may be added imprisonment in the county jail not more than thirty days.''

At the time of enacting the foregoing act, the following statute (§2364 Burns 1908, Acts 1905, pp. 584, 692, §467) was in force:

"Whoever, being over fourteen years of age, is found on the first day of the week, commonly called Sunday, rioting, hunting, fishing, quarreling, at common labor or engaged in his usual avocation, works of charity and necessity only excepted, shall be fined not less than $1 nor more than $10; but nothing herein contained shall be construed to affect such as conscientiously observe the seventh day of the week as the Sabbath, travelers and those engaged in conveying them, families removing, keepers of toll-bridges and toll-gates, ferrymen acting as such and persons engaged in the publication and distribution of news.''

This statute, with immaterial changes, has been in force continuously since the year 1818 (Acts 1818, p. 314), and has been uniformly held to be constitutional and valid.

1. *Vogelsong* v. *State* (1857), 9 Ind. 112, 114; *Foltz* v. *State* (1870), 33 Ind. 215, 216; *Johns* v. *State* (1881), 78 Ind. 332, 333, 41 Am. Rep. 577; *Shaw* v. *Williams* (1882), 87 Ind. 158, 159, 44 Am. Rep. 756; *State* v. *Hogreiver* (1899), 152 Ind. 652, 45 L. R. A. 504. This general statute has been held to prohibit a barber from shaving customers on Sunday in the ordinary exercise of his vocation. *Ungericht* v. *State* (1889), 119 Ind. 379, 12 Am. St. 419. See, also, *Phillips* v. *Innes* (1837), 4 Cl. & Fin. 234; *State* v. *Frederick* (1885), 45 Ark. 347, 55 Am. Rep. 555; *State* v. *Wellott* (1893), 54 Mo. App. 310; *State* v. *Granneman* (1896), 132 Mo. 326, 33 S. W. 784; *Commonwealth* v. *Waldman* (1891), 140 Pa. St. 89, 21 Atl. 248, 11 L. R. A.

563; *Ex parte Kennedy* (1900), 42 Tex. Cr. 148, 58 S. W. 129, 51 L. R. A. 271; *State* v. *Nesbit* (1898), 8 Kan. App. 104, 54 Pac. 326. The general statute requiring cessation from labor one day out of seven, and designating Sunday as such day of rest, is upheld as a legitimate exercise of the police power of the State. It is universally conceded that cessation from the ordinary callings in life for one day in each week tends to conserve the health and comfort of the citizen, and to promote the welfare of society. Under the general Sunday statute, the maximum penalty is a fine not exceeding $10 and the minimum $1, and under this special statute the minimum penalty is a fine of $10 and the maximum a fine of $25 and imprisonment in the county jail for thirty days.

It is charged that the act of 1907, *supra,* violates various constitutional provisions, and particularly that part of §22, article 4, of the state Constitution, which provides that "the General Assembly shall not pass local or special laws in any of the following enumerated cases, that is to say:  *  *  * For the punishment of crimes and misdemeanors;" and that it also violates §23, of article 4, which reads as follows: "In all the cases enumerated in the preceding section, and in all other cases where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the State."

The evils resulting from local and special legislation were flagrant, and constituted an influential cause for the convoking of the constitutional convention of 1851. That

2. convention adopted the present Constitution, which embodies and emphasizes the principle that, so far as practicable, laws shall be general, and the wisdom of this policy has become and is becoming constantly more conspicuous. Local and special laws are forbidden in a number of specified instances, and then it is comprehensively provided that in all other cases where a general law can be made applicable the laws shall be general and of uniform operation throughout the State.

The act under consideration was not designed primarily to protect from fraud and oppression the class to which it relates, or to safeguard the well-being of a class of laborers peculiarly oppressed, helpless and dependent, but its chief object was to enforce the observance of Sunday as a day of rest. The validity of general laws to that end have been upheld by this court and by all other courts of the Union from colonial days to the present, and the propriety and necessity of such regulations for the physical and moral well-being of the people cannot be questioned. This statute attempts by special act to do what plainly could · be, and for ninety years had been, done by a general statute. The courts of some states have upheld legislative enactments relating to a particular class of laborers, upon the ground that their hours of labor were unusually long; and if we were confronted with a statute primarily to limit the hours of continuous service to which a laborer could be subjected or to relieve employes of burdens peculiar to the barber's vocation, and to which penalties were incidentally appended, a different question would be presented. But the act in question merely makes the desecration of the Sabbath by a barber a special crime, and to that affixes punishment different from that imposed upon others for like offenses, and clearly falls within the inhibition of §22, article 4, of the Constitution of this State. *State* v. *Granneman, supra; Eden* v. *People* (1896), 161 Ill. 296, 43 N. E. 1108, 32 L. R. A. 659, 52 Am. St. 365; *Ex parte Jentzsch* (1896), 112 Cal. 468, 44 Pac. 803, 32 L. R. A. 664; *Ex parte Westerfield* (1880), 55 Cal. 550, 36 Am. Rep. 47. Article 4, §22, of the constitution of Illinois provides that "in all other cases where a general law can be made applicable, no special law shall be enacted." The Missouri constitution (Art. 4, §53) provides that "the General Assembly shall not pass any local or special law," and "where a general law can be made applicable, no local or special law shall be enacted." The constitution of California (Art. 4, §25) provides that "the

legislature shall not pass local or special laws in any of the following enumerated cases, that is to say: * * * Second. For the punishment of crimes and misdemeanors.'' The cases cited from Illinois, Missouri and California were decided upon constitutional grounds similar to our own, and upon the principle that the statutes in question were special class legislation within constitutional prohibitions, and those cases are consequently persuasive authorities in the decision of this case.

It is well settled that a law is not necessarily general merely because it operates upon all within a defined class, but back of that fact must be found a substantial

4.  reason why it is made to operate only upon such class.

Classifications, when allowable, can only be made upon natural, intrinsic or constitutional distinctions, and special privileges, peculiar disabilities, or burdensome conditions in the exercise of a common right, may not be conferred or imposed upon a class of persons arbitrarily selected from the general body of citizens standing in the same relation to the subject-matter of the law. *Kraus* v. *Lehman* (1908), *post,* 408; *Bedford Quarries Co.* v. *Bough* (1907), 168 Ind. 671; *Town of Longview* v. *City of Crawfordsville* (1905), 164 Ind. 117, 68 L. R. A. 622. The class against which this act was directed was manifestly chosen arbitrarily and without substantial ground upon which to justify diversity of legislation. The business of barbering is cleanly in itself, and ordinarily conducted in a quiet and orderly way, and the suspension of such work on Sunday cannot be said to promote the health, comfort, safety and welfare of society in general, in any manner or to any degree other and different from the cessation of work in other ordinary vocations of life. It must follow, therefore, that this act is special legislation, is violative of the Constitution, and void. The Attorney-General has cited a number of cases in seeming conflict with the decisions of the courts of Illinois, Mis-

souri and California and announcing conclusions different
from that to which we have arrived.  In the cases of *People*
v. *Bellet* (1894), 99 Mich. 151, 57 N. W. 1094, 22 L. R. A.
696, 41 Am. St. 581; *People* v. *Havnor* (1896), 149 N. Y.
195, 43 N. E. 541, 31 L. R. A. 689, 52 Am. St. 707; *State* v.
*Sopher* (1903), 25 Utah 318, 71 Pac. 482, 60 L. R. A. 468, 95
Am. St. 845, and *State* v. *Bergfeldt* (1905), 41 Wash. 234,
83 Pac. 177, it was held that a Sunday statute, similar to
ours, did not violate the constitutional provision that "no
person shall be deprived of life, liberty or property without
due process of law," nor the provisions of the fourteenth
amendment to the Constitution of the United States.  The
case of *Breyer* v. *State* (1899), 102 Tenn. 103, 50 S. W. 769,
was rested largely upon the case of *People* v. *Bellet, supra,*
and the Constitution of Michigan does not forbid local and
special legislation.  The Minnesota statute prohibits all labor
on Sunday except works of necessity and charity, and de-
clares that keeping open a barber shop shall not be deemed a
work of necessity or charity.  It was held that the legisla-
ture had not exceeded constitutional bounds in declaring as
a matter of law that keeping open barber shops on Sunday is
not a work of necessity or charity, while as to other kinds of
labor that question is left to be determined as one of fact.
*State* v. *Petit* (1898), 74 Minn. 376, 77 N. W. 225; *Pettit* v.
*Minnesota* (1899), 177 U. S. 164, 20 Sup. Ct. 666, 44 L.
Ed. 716.

We do not regard this holding as necessarily in conflict
with our own conclusion, since we have already seen that it
has been decided in this State that the ordinary work of a
barber is not a work of necessity or charity, and is punishable
under the general Sunday law.  In *Ex parte Northrup*
(1902), 41 Ore. 489, 69 Pac. 445, the court said: "Nor does it
seem to us that the act can be characterized as special legisla-
tion because there is no general Sunday law within the state."
The case of *McClelland* v. *City of Denver* (1906), 36 Colo.
486, 86 Pac. 126, involves a city ordinance only, and is not so

influential as an authority as other cases cited. These diverse holdings cannot be fully reconciled or harmonized, but, in the light of all the reasoning therein contained it is our conclusion that the act under consideration contravenes the fundamental law of this State forbidding special legislation for the punishment of crimes and misdemeanors, and is accordingly void. It follows that the motion to quash should have been sustained.

The judgment is reversed, with directions to sustain appellant's motion to quash each count of the affidavit.

Monks, C. J., absent.