### [No. 3821.]

### THE CITY OF DENVER v. BACH.

CONSTITUTIONAL LAW—CITY ORDINANCE—CLASS LEGISLATION.

A city ordinance prohibiting any person, firm or corporation from keeping open or conducting within the city any clothing or certain other enumerated stores, or pawnbrokers' shops, or from offering or exposing for sale within the city any clothing or other articles of merchandise mentioned, on Sunday, in so far as it affects dealers in clothing, is class legislation, inasmuch as it imposes upon dealers in clothing a restriction not imposed upon dealers in other similar merchandise, and is therefore unconstitutional and void.

*Appeal from the County Court of Arapahoe County.*

APPELLEE was tried in the court below for the violation of an ordinance of the city of Denver, which in terms prohibited any person, firm or corporation to keep open or conduct, within the limits of the city, any clothing or other certain enumerated stores, or pawnbrokers' shop, or to expose or offer for sale, or give away, within the city, any clothing or other articles of merchandise mentioned, or pawnbrokers' articles, on Sunday. The evidence established that appellee kept a clothing store in the city, and had sold merchandise of that character in his place of business on Sunday. The trial court discharged him, from which judgment the case is brought here for review by the city, on appeal.

Mr. GEORGE C. NORRIS, Mr. E. J. SHORT, Mr. J. M. ELLIS and Mr. N. B. BACHTELL, for appellant.

Mr. RALPH W. SMITH, and Mr. H. B. JOHNSON, for appellee.

MR. JUSTICE GABBERT delivered the opinion of the court.

Counsel for appellant contend that the city, by virtue of its charter, has the exclusive authority to regulate all lawful occupations, places of business, and trade, within its limits, and is thereby empowered to enact all ordinances which may be deemed necessary and proper for the good order, health, good government, and general welfare of the city; and in the exercise of its police power, for the purposes above enumerated, has enacted the ordinance in question. The validity of the ordinance is challenged by appellee upon the ground that it is special, or class, legislation, to which counsel for appellant answer that it is not, because by its provisions, all persons engaged in the business or occupations mentioned in the ordinance are subject to the same restrictions. The facts established constitute a violation of the terms of the ordinance on the part of appellee, and the only question for determination is its validity. We shall consider but one question on this subject, namely: Is it, so far as the business of selling clothing is concerned, class legislation? The reason advanced by counsel for appellant why it is not, is not the sole test. "Sunday Ordinances," as they are termed, have been upheld upon the theory that it is necessary for the good order, good government, and general welfare of the inhabitants of a city, that their usual and ordinary avocations (except those of necessity or charity), should be suspended upon that day; but with few exceptions, they have not been upheld, unless uniform in their operation; or if not, were held valid because directed to avocations over which the city had a special control, or embraced those which were liable to interfere with public security, or promote disorder. The business of selling clothing is not unlawful; it does not in any manner interfere with morality, or tend to create disorder, nor has the city any special control over it different from that which it may exercise over other avocations of the same general character. If the ordinance can be upheld, it must be upon the ground that prohibiting keeping open stores for

the sale of that character of merchandise upon that day is necessary for the welfare of the public, or other of the ends to be achieved for the promotion of which police powers may be exercised by the city, under its charter. The ordinance in question does not extend to the sale of all classes of merchandise, or all avocations; many are exempt from its provisions which are neither necessary nor charitable, because not mentioned, the sale or carrying on of which on Sunday would have precisely the same effect upon the public that the business of appellee would, and bear the same relation to the object to be attained by the ordinance that the business of appellee does. So that, although the ordinance is general in the sense that it affects alike all engaged in the business of selling clothing, it lacks the element of uniformity in the legal meaning of that term, because it imposes upon them restrictions ostensibly for a purpose from which others are exempted, but whose business or avocation bears the same relation to the result sought to be effected by the ordinance as does that of appellee (*Ex parte Jentzsch*, 112 Cal. 468); so that the class to which the ordinance is applicable, when tested for uniformity, is all who engage in lawful merchandising or other lawful occupations in the city, other than necessity or charity, over which it has no particular control, or whose business or avocation does not tend to promote disorder.

Conceding that the city may have the authority by ordinance to prohibit the carrying on of all business or occupations on Sunday within its limits, except those of necessity or charity, upon the ground that thereby the peace, good order, good government and welfare of its inhabitants will be promoted and protected it cannot be said that by singling out certain avocations which are not of themselves hurtful, or do not in any manner tend to demoralize the public, that thereby this end is achieved. The city, in the exercise of its police powers, may subject all occupations within its limits to reasonable regulations, for the protection of the public interests, or for the public welfare; but this power is not an arbitrary one, for the avocations which may be controlled by

police regulations is a judicial question. *Eden v. People*, 161 Ill. 296. It certainly cannot be of any benefit to either the welfare or good government of the city, to limit the exercise of a common right to engage in the business of merchandising in the city, by arbitrarily imposing upon dealers in certain articles disabilities upon Sunday, and yet allow others, who happen to be engaged in a business or avocation of a different character, neither necessary nor charitable, to continue it upon that day, although the effect upon the public generally, by permitting such business or avocations to be carried on would be the same as would result from the carrying on of business on Sunday by those prohibited from so doing.

Experience has demonstrated that to permit class legislation where a general law can be made applicable, is fraught with danger; for it frequently results that a legislative body, under the guise of a law, oppresses a class, or particular avocation. It was for the purpose of preventing legislation of this character that the people of this state, by section 25, article 5 of the constitution, declared that the general assembly shall not pass local or special laws in particular enumerated cases and in no case where a general law can be made applicable. The charter of the city and the powers which it may exercise thereunder, are derived from the legislature; and as the latter cannot pass a special or local law, where a general one may be made applicable, it cannot grant such power to any other body. *City of Tacoma v. Krech*, 16 Wash. 296.

It is clear that the ordinance, in so far as it affects dealers in clothing, is directed to a particular class of merchants, and exempts others without any substantial reason back of it why it is made to operate only upon them, and not generally upon all dealers in merchandise, or all avocations. It compels them to refrain from doing business on Sunday, and yet allows their neighbors engaged in the sale of articles not mentioned in the ordinance a privilege which they are denied. We conclude, therefore, that the ordinance does not affect all alike, and that a business or occupation which is not liable to interfere with public morality, or tend to create disorder,

and over which the city has no special control, cannot be singled out, and made the subject of prohibition on Sunday. *May v. People,* 1 Colo. App. 157; *City of Tacoma v. Krech, supra; State v. Granneman,* 132 Mo. 326. For these reasons, the judgment of the county court is affirmed.

*Affirmed.*