[No. 4573.]

McClelland v. The City of Denver.

1. **Cities and Towns—Sunday Closing—Ordinances—Secular Pursuits—Police Power.**

   Ordinances requiring the cessation of secular pursuits on Sunday are generally sustained as constitutional upon the theory that, for the purpose of promoting the general welfare of the inhabitants of the city, it is necessary that their usual and ordinary avocations, except those of necessity or charity, should be suspended upon the Sabbath day, and that for this reason such ordinances are within the domain of the police power of the municipality enacting them.—P. 488.

2. **Cities and Towns—Ordinances—Barber Shops—Sunday Closing—Validity.**

   As the business of carrying on a barber shop is purely secular and not a work of necessity or charity, an ordinance inhibiting all persons from keeping barber shops open on Sunday and being general in its application to barbers and not attempting to classify them, is not invalid upon the ground of being unreasonable legislation.—P. 489.

3. **Cities and Towns—Constitutional Law—Class Legislation.**

   Since section 1370 of Mills' Ann. Stats. inhibits all labor on Sunday, works of necessity and charity excepted, and the Laws of 1893, p. 125, make it a misdemeanor for any person to carry

on the business of barbering on Sunday in any city of the first or second class, a person violating the provisions of an ordinance prohibiting all persons from keeping barber shops open on Sunday will not be permitted to attack such ordinance on the ground that it is class legislation, as, by violating its provisions, he violates the laws of the state.—P. 490.

4.   Cities and Towns—Constitutional Law—Class Legislation.

An ordinance prohibiting all persons from keeping barber shops open on Sunday, and applicable to all barbers alike, is not obnoxious to the constitutional provision against class legislation.—P. 490.

5.   Cities and Towns—Ordinances—Barber Shops—Sunday Closing.

Where a municipality is empowered to pass an ordinance prohibiting the keeping of barber shops open on Sunday, the fact that such an ordinance covers a period of time from 12 o'clock Saturday night to 5 o'clock Monday morning following, does not render it invalid, as, eliminating the portion of the ordinance claimed to be illegal, enough remains to require barber shops to be closed for the period of 24 hours beginning at 12 o'clock each Saturday night.—P. 491.

*Error to the County Court of Arapahoe County.*
*Hon. Ben B. Lindsey, Judge.*

T. A. McClelland was convicted of violating a city ordinance prohibiting the keeping open of barber shops on Sunday, and brings error.

Decision *en banc*.                              *Affirmed.*

Mr. O. N. Hilton and Mr. C. A. Roberts, for plaintiff in error.

Mr. H. M. Orahood, Mr. C. P. Butler and Mr. Fred W. Parks, for defendant in error.

Chief Justice Gabbert delivered the opinion of the court:

Plaintiff in error was convicted of violating an ordinance of the city of Denver, which prohibits all persons from keeping barber shops open on Sunday. He attacks the validity of this ordinance upon the

constitutional grounds that it is obnoxious to the
inhibition against special laws, that it deprives him
of fundamental rights without due process of law,
and denies to him the equal protection of the law.
The experience of centuries has demonstrated the
necessity of periodical cessation from secular labor.
This rule of conduct with respect to secular pursuits
is recognized by the entire civilized world as essen-
tial to the physical and moral welfare of society.
Sunday ordinances are, therefore, generally sus-
tained as constitutional upon the theory that for the
purpose of promoting the general welfare of the in-
habitants of a city it is necessary that their usual and
ordinary avocations, except those of necessity or
charity, should be suspended upon the Sabbath day,
and that for this reason such ordinances are within
the domain of the police power of the municipality
enacting them.—*Denver v. Bach*, 26 Colo. 530; 27
Am. & Eng. Enc. Law (2d ed.) 390; Cooley's
Const. Lim., *p. 588. This is settled by a practi-
cally unbroken line of decisions. The only question
upon which there may be said to be a conflict of au-
thority in so far as constitutional questions are in-
volved with respect to the ordinance in question, is
the one relating to the inhibition against class
legislation.—27 Am. & Eng. Enc. Law (2d ed.)
391. This arises, not from a difference of opinion
as to the law, but from a difference of views in con-
struing the result of municipal legislation of the na-
ture of the ordinance in question, when tested by the
constitutional provisions invoked. This particular
question, however, is not involved in this case. It
has been the policy of this commonwealth since 1868
to inhibit all labor on Sunday, works of charity and
necessity excepted.—§ 1370, 1 Mills' Ann. Stats. As
supplementing this, the general assembly, in 1893,
made it a misdemeanor for any person to carry on

the business of barbering on Sunday in any city of the first or second class.—Laws 1893, p. 125. Keeping open places of business on Sunday, works of necessity and charity excepted, is a public and serious interference with the observance of the day. Such conduct is offensive to the moral sense of the community. It disturbs the peace and good order of society, and invites others to violate the law on the subject. The stability of government, as well as the welfare and interest of society, render it necessary that the day of rest should be uniform, and that its observance should be compulsory, not by way of enforcing the conscience of those upon whom the law operates, but by way of protection to those who desire, or are entitled to, the day, and who, unless protected by a law requiring usual secular pursuits to be suspended at regularly recurring intervals, would be deprived of the full benefits which the law contemplates shall result from the observance of Sunday as a day of rest.

The ordinance in question tends to afford the inhabitants of the city of Denver this protection, and is in entire harmony with the statutes of the state above referred to. The business of carrying on a barber shop is in every respect lawful and respectable; it is in no sense objectionable from any point of view, but these are not the tests to be applied to the ordinance in question. The business is purely secular, and not a work of necessity or charity. It is distinct and the ordinance is general in its application to barbers, and does not attempt to classify them, but applies alike to all persons following that particular occupation. By violating its provisions, plaintiff in error has violated the law of the state. The fact, therefore, that it embraces only barbers, and in the judgment of some does not go far enough, and should include all other avocations, or be general,

is no reason why it should not be upheld to the extent it does go, when, though limited in its application, it affects alike all·persons following the particular avocation inhibited on Sunday. Such an ordinance is not unreasonable. In such circumstances, persons following the particular pursuit thereby inhibited will not be heard to say that constitutional rights have been invaded by a police regulation of the city in harmony with the general law and policy of the state which is violated by violating an ordinance relating to the same subject.—*McPherson v. Village of Chebanse,* 114 Ill. 46. In other words, the ordinance is not unreasonable as applied to barbers because it affects them all alike, and a person following that occupation will not be permitted to attack it upon the ground that it is class legislation when, by violating its provisions, he violates the laws of the state.

It is contended by counsel for plaintiff in error that *Denver v. Bach, supra,* is decisive of this case. That case differs from the one at bar in this: That the ordinance there considered was held invalid because it imposed upon dealers in clothing a restriction not imposed on dealers in other merchandise. In other words, it recognized that there were different classes of merchants engaged in practically the same business, and prohibiting one class and not another was obnoxious to the constitutional provisions against class legislation. The ordinance here considered affects all barbers alike.

Again, the particular question upon which the decision in the case at bar is placed was not considered in that case.

*In re Morgan,* 26 Colo. 415, is also relied upon by counsel for plaintiff in error, but that is manifestly not an authority applicable to the case at bar. The law there considered and declared invalid was so

adjudged because it infringed the right of employer and employee to make contracts relating to purely private business, and unjustly and arbitrarily singled out a class of persons and imposed upon them restrictions which did not concern the public, from which others similarly situated were exempt.

The cases relied upon from the court of appeals of our own state are clearly not in point.

Finally, it is urged on behalf of plaintiff in error that the ordinance is invalid because it covers a period from twelve o'clock Saturday night until five o'clock Monday morning following. If the municipal authorities have no power to inhibit the keeping open of a barber shop from twelve o'clock Sunday night to five o'clock the morning following, the ordinance is not for that reason invalid. Eliminating that part of the ordinance which it is contended is illegal, enough remains which is in no manner dependent upon the alleged illegal portion to effectuate the purpose of the municipality in passing the ordinance, namely: To require barber shops to be closed for the period of twenty-four hours, beginning at twelve o'clock each Saturday night.

In the opinion of the writer the judgment of the county court should, therefore, be affirmed.

The writer is authorized to state that Mr. Justice Campbell concurs in this conclusion; that Justices Gunter, Goddard, Maxwell and Bailey also concur in the affirmance of the judgment, but are of the opinion that § 1370, 1 Mills' Ann. Stats., and the laws of 1893, *supra,* are not involved, and therefore express no opinion as to the construction of such laws; but in their judgment the ordinance is not subject to the objection of class legislation, basing their conclusion on this proposition on *Robertson v. People,* 20 Colo. 279, and the following authorities: *State v. Bergfeldt,* 83 Pac. 179; *State v. Sopher,* 25 Utah 318, 60

L. R. A. 471; *People v. Bellet,* 99 Mich. 151, 22 L. R. A. 696, 57 N. W. 1094; *Liberman v. State,* 26 Neb. 464, 42 N. W. 419; *State v. Petit,* 177 U. S. 164; *Barbier v. Connolly,* 113 U. S. 27.

The judgment of the county court is affirmed.

Decision *en banc.*                    *Affirmed.*