No. 14,193.

ALLEN v. CITY OF COLORADO SPRINGS.
(75 P. [2d] 141)

Decided December 13, 1937.   Rehearing denied January 10, 1938.

FOARD BROTHERS for plaintiff in error.

Mr. BEN S. WENDELKEN, for defendant in error.

*En Banc.*

MR. JUSTICE KNOUS delivered the opinion of the court.

PLAINTIFF in error, to whom we shall refer as defendant, was convicted of the violation of an ordinance of the City of Colorado Springs which, so far as pertinent, reads as follows: "It shall be unlawful for any person, firm, association or corporation to keep open or to cause any person to keep open any store for the sale of merchandise on Sunday, except when required by necessity; but nothing in this section shall prohibit any person, firm, association or corporation from keeping open for the legitimate and orderly transaction of business any hotel, restaurant, boarding house, bath house, confectionery, retail drug store, livery stable or garage or prevent the sale or delivery of milk, cream, ice cream, fresh fruits, bakery articles, prepared tobacco or papers on Sunday."

The case was heard on the following stipulated facts:

"1. That at the time alleged the defendant conducted a grocery store in the City of Colorado Springs, and on the day alleged, which day was Sunday, sold in the usual course of his business certain staple groceries which were not required by necessity, except as all groceries and the sales thereof are required by necessity. 2. That at the same time, retail drug stores in the city, in the usual course of their trade, sold on Sundays and other days, such items as soaps, flavoring extracts, teas, coffees, spices and similar products usually carried by retail grocery stores."

Among other contentions the defendant asserts that as to him, under the facts of the case, the ordinance is in violation of section 25, article V, of the Colorado Constitution inhibiting special and discriminatory legislation.

We think the judgment of conviction must be reversed on this ground.

Unquestionably it is the law that a city, in the exercise of the police power, has the authority by general ordinance to prohibit the carrying on within its limits of all businesses or occupations on Sunday, except those of necessity or charity, upon the ground that thereby the peace, good order, good government and welfare of its inhabitants will be promoted and protected. It is equally certain, however, that if in its operation an ordinance so adopted is discriminatory or amounts to class or special legislation, irrespective of the purpose for which it is passed, it is the duty of a court to relieve from its illegal effect.

It will be observed that the ordinance here under consideration provides generally: First, that it shall be unlawful for any person to keep open any store for the sale of merchandise on Sunday, except when required by necessity; second, permits the sale on Sunday by any person, of milk and other enumerated articles; and, third, exempts absolutely from its operation, in the legitimate and orderly transaction of business, certain

stores and establishments, including retail drug stores. Under the terms of the ordinance, therefore, a drug store, on Sunday, can lawfully do the same character of business in which it is engaged during other days of the week. It is stipulated that in the usual course of their trade, which is to say "in the legitimate and orderly conduct of their business," drug stores in Colorado Springs on Sunday and other days sold "soaps, flavoring extracts, teas, coffees, spices and similar products usually carried by retail grocery stores." By the same stipulation of facts it was agreed that the defendant on Sunday sold, as was the usual course of his business on other days, certain staple groceries. It cannot be questioned, if, indeed, the stipulation does not so concede, that the articles enumerated as being sold by drug stores come within the classification of staple groceries. Under the stipulation of facts, therefore, the ordinance creates a condition whereby it was perfectly lawful for a retail drug store on Sunday to sell staple groceries, while the same ordinance at the same time prohibited the operator of a grocery store from selling these identical items.

This court, in *Denver v. Bach,* 26 Colo. 530, 58 Pac. 1089, held unconstitutional an ordinance in principle so offending. In that case the defendant was charged with the violation of an ordinance of the city of Denver which prohibited any person "to keep open or conduct, within the limits of the city, any clothing or other certain enumerated stores, * * * or offer for sale * * * within the city, any clothing or other articles of merchandise mentioned * * * on Sunday." The evidence established that the defendant kept a clothing store in the city and had sold merchandise of that character in his place of business on Sunday. He was discharged by the trial court, and we affirmed the judgment, saying upon this subject:

"The city, in the exercise of its police powers, may subject all occupations within its limits to reasonable regulations, for the protection of the public interests, or

for the public welfare; but this power is not an arbitrary one, for the avocations which may be controlled by police regulations is a judicial question. *Eden v. People,* 161 Ill. 296. It certainly cannot be of any benefit to either the welfare or good government of the city, to limit the exercise of a common right to engage in the business of merchandising in the city, by arbitrarily imposing upon dealers in certain articles disabilities upon Sunday, and yet allow others, who happen to be engaged in a business or avocation of a different character, neither necessary nor charitable, to continue it upon that day, although the effect upon the public generally, by permitting such business or avocations to be carried on would be the same as would result from the carrying on of business on Sunday by those prohibited from so doing. * * *

"It is clear that the ordinance, in so far as it affects dealers in clothing, is directed to a particular class of merchants, and exempts others without any substantial reason back of it why it is made to operate only upon them, and not generally upon all dealers in merchandise, or all avocations. It compels them to refrain from doing business on Sunday, and yet allows their neighbors engaged in the sale of articles not mentioned in the ordinance a privilege which they are denied. We conclude, therefore, that the ordinance does not affect all alike, and that a business or occupation which is not liable to interfere with public morality, or tend to create disorder, and over which the city has no special control, cannot be singled out, and made the subject of prohibition on Sunday. *May v. People,* 1 Colo. App. 157; *City of Tacoma v. Krech,* supra; *State v. Granneman,* 132 Mo. 326."

The Colorado Springs ordinance, while not naming the operation of a grocery store as a business which *could not* be conducted on Sunday, attained the legal effect condemned in the Denver ordinance, by excluding grocery stores from the exempted class which *could* operate and, at least in the case of retail drug stores,

have the privilege of selling articles denied to the grocery store. It is not, and certainly could not successfully be, contended that the grocery business is in any way unlawful per se; nor does its conduct in any manner interfere with public morality—if it does—to any greater or different extent than would the conducting of any other legitimate merchandising business. The doctrine of *Denver v. Bach, supra,* consequently applies just as forcibly to a grocery store as to an establishment selling clothing. As to the defendant here the Colorado Springs ordinance has the vice of discriminating where there is no basis for discrimination. The legislative authority of Colorado Springs in adopting the ordinance undoubtedly was motivated by a desire to further the observance of the Sabbath and prevent the desecration of that day by the operation of secular establishments. However, the result did not meet this object, in that, under the facts here stipulated, the sale on Sunday of groceries by drug stores—exempt from the operation of the ordinance—would have precisely the same disturbing effect upon the public in the observance of the Sabbath as would the proscribed business of the defendant. Upon this principle the case of *Denver v. Bach, supra,* was followed by this court in *Mergen v. Denver,* 46 Colo. 385, 104 Pac. 395, wherein it was held that an ordinance which prohibited keeping open a grocery store or selling groceries on Sunday was ipso facto invalid.

The judgment is accordingly reversed and the cause remanded with directions to dismiss the proceedings against the defendant.

MR. JUSTICE HILLIARD and MR. JUSTICE BAKKE dissent.

MR. JUSTICE BAKKE, dissenting.

I am not in accord with the court's opinion, because it has the effect of invalidating an ordinance which has been in effect in Colorado Springs, a home rule city, for a quarter of a century, and places its stamp of approval

504

on the sale of all kinds of merchandise on Sunday by so-called drug stores.

Sunday closing legislation, as such, is clearly valid, unless otherwise discriminatory. 60 C. J. 1030. No extended discussion of the discrimination here involved is necessary. The controlling principles have been stated and reiterated many times by this court, and a sufficient statement of them is found in the recent case of *In re Interrogatories, etc.,* 97 Colo. 587, 52 P. (2d) 663, wherein we upheld the so-called restaurant law. The sale of groceries may be prohibited on Sunday, except in case of necessity. *McAfee v. Commonwealth,* 173 Ky. 83, 190 S. W. 671, L. R. A. 1917C, 381; *State v. Hogan,* 212 Mo. App. 473, 252 S. W. 90.

Defendant urges, as recited in the stipulation, that the drug stores in Colorado Springs are selling groceries every day without interference. That may be a legitimate complaint, but no one is here urging that the ordinance does not govern that situation. After all, the test of a law is not what is done despite its provisions, but what it provides.

Was it necessary for the defendant to sell the merchandise involved within the meaning of the exception of the ordinance, "except when required by necessity." Again I say no. The stipulation of facts recites simply that defendant sold certain staple groceries in the ordinary course of trade on Sunday. Defendant urges that groceries are necessary, hence a necessity exists whenever anybody wants to buy them, and that, therefore, they can be sold at any time. That is a specious argument. The language of the ordinance may not be construed in so strained a fashion. Necessity, as used here, requires a circumstance in the nature of an emergency. Something definitely not "in the usual course of his business." The degree or extent to which it must be without the usual course of trade, we do not here attempt to decide. That is a question of fact to be determined in

each case. There certainly was no such necessity shown here.

Defendant, in his reply brief, calls our attention to the recent case of *Deese v. City of Lodi* (Cal.), 69 P. (2d) 1005, decided in July, 1937, in which a somewhat similar ordinance was voided by the District Court of Appeals of California, which is persuasive but not conclusive.

The California court used this language: "The Lodi ordinance has neither morals, Christian observance of Sunday, public health, welfare, or safety to support it." That language is not applicable here. The California ordinance was clearly discriminatory. Under the guise of an exercise of the police power to protect orderliness and public health and cleanliness, it closed grocery stores, but expressly permitted dance halls, pool halls, and liquor stores to operate, and sporting contests to be held. Its express provisions were thus contrary to its declared purpose. The ordinance before us, being reasonable in its classification, is as clearly not discriminatory. It purports to exempt transactions "required by necessity," and the necessity of its specific exemptions are well within legislative discretion. If it permitted the sale of articles by one class of merchants and prohibited such sales under the same circumstances by another class, a different question would be presented. No such facts appear from the record.

The two Denver cases thought by the court to be controlling, *Denver v. Bach,* 26 Colo. 530, 58 Pac. 1089, and *Mergen v. City and County of Denver,* 46 Colo. 385, 104 Pac. 399, are not authority for the conclusions reached. There certainly is a distinction in law between ordinances which positively forbid certain things to be done, and those which only forbid except in cases of necessity. The court should recognize that distinction.

Finally, the Ohio case—*Olds v. Klotz,* 131 O. St. 447, 3 N. E. (2d) 371—should not be considered as authority here. The ordinance there involved sought to regulate closing hours of grocery stores on week days, as well

as on Sundays, and a mere glance at the opinion will indicate that the force of it is directed against the attempted regulation of hours during the week. The question of Sunday closing is not discussed.

It is the duty of courts to interpret the law as it is, not how it is being administered, or how they wish it to be. If the ordinances of Colorado Springs are "not in tune" with the times, that is a concern of the legislative body of that city, not ours.

MR. JUSTICE HILLIARD concurs in this opinion.