No. 14,164.

ROSENBAUM *v.* CITY AND COUNTY OF DENVER.
(81 P. [2d] 760)

Decided July 11, 1938.

Messrs. THURMON & PERRY, Mr. STANFORD W. GREGORY, for plaintiff in error.

Mr. MALCOLM LINDSEY, Mr. E. L. FUNDINGSLAND, Mr. W. M. ALTER, for defendant in error.

*En Banc.*

MR. JUSTICE KNOUS delivered the opinion of the court.

IN the Denver police court and upon appeal therefrom in the county court of the City and County of Denver, the plaintiff in error, to whom we shall refer as the defendant, was found guilty of the violation of ordinance 52, series 1933 of the city of Denver, section 1 of which is as follows: ''No person, firm or corporation, whether owner, proprietor, agent or employe, shall keep open, operate or assist in keeping open or operating any place or premises or residences; whether open or inclosed, for the purpose of selling, bartering or exchanging, or offering for sale, barter or exchange, any motor vehicle, or motor vehicles, whether new, used or secondhand, on the first day of the week commonly called Sunday, and also on the following National Legal Holidays, namely: New Year's Day, Dec-

oration Day, Fourth of July, Labor Day, Thanksgiving Day and Christmas Day."

A review of the judgment of the county court is sought here. The facts were stipulated. It was agreed that on the Sunday upon which the violation was charged, and for a number of years preceding, the defendant was and has been engaged in the business of selling new and second-hand automobiles in Denver, and that if the ordinance in question is constitutional the defendant was guilty of the violation charged.

The constitutionality of the ordinance is challenged upon the grounds that it contravenes: (1) Article II, section 3 of the Colorado Constitution guaranteeing to all persons the inalienable right of "acquiring, possessing and protecting property; and of seeking and obtaining * * * safety and happiness." (2) The due process clauses of both the federal and state Constitutions (article XIV, amendments, section 1, U. S. and article II, section 25, Colorado). (3) Article V, section 25 of the Colorado Constitution prohibiting special or class legislation.

In practically all jurisdictions in which the question has arisen the courts, correctly, we believe, have held contrary to the defendant's first contention, upon the theory that constitutional provisions similar to article 2, section 3, supra, are not so broad as to destroy legislative power to regulate property rights in pursuance of the public good by requiring an observance of Sunday as a day of rest. *Ex Parte Andrews,* 18 Cal. 679 [disapproving *Ex Parte Newman,* 9 Cal. 502]; *State v. Dolan,* 13 Ida. 693, 92 Pac. 995; 14 L. R. A. (N. S.) 1259; *Walter v. State,* 16 Ohio Circuit Court (N. S.) 523; 60 C. J. 1036, §11 (c), and cases cited in footnotes 64 and 65.

Defendant's second objection based upon the alleged transgression of the ordinance against the due process clauses has been settled adversely to him by *McClelland v. Denver,* 36 Colo. 486, 86 Pac. 126. Relating to this particular objection which also was advanced in that case, the court said: "The experience of centuries has

demonstrated the necessity of periodical cessation from secular labor. This rule of conduct with respect to secular pursuits is recognized by the entire civilized world as essential to the physical and moral welfare of society. Sunday ordinances are, therefore, generally sustained as constitutional upon the theory that for the purpose of promoting the general welfare of the inhabitants of a city it is necessary that their usual and ordinary avocations [vocations], except those of necessity or charity, should be suspended upon the Sabbath day, and for this reason such ordinances are within the domain of the police power of the municipality enacting them. *Denver v. Bach,* 26 Colo. 530; 27 Am. & Eng. Enc. Law (2d ed.) 390; Cooley's Const. Lim., p. 588. This is settled by a practically unbroken line of decisions.''

Under the general welfare clauses of the Denver charter, article 14, section 219, and article XX of the Colorado Constitution, the city council of Denver unquestionably has the power to legislate with reference to Sunday observance within the city.

This leaves as the only matter remaining for consideration the question of whether or not the ordinance violates section 25, article V of the state Constitution because it is class or special legislation. It is our conclusion that the case of *McClelland v. Denver, supra,* likewise is controlling upon this point and consequently we resolve the third contention against the defendant. In that case a conviction for the violation of an ordinance prohibiting persons from keeping barber shops open on Sunday in Denver was upheld. The ordinance there involved and so prohibiting was attacked on constitutional grounds substantially parallel to those asserted here, but, notwithstanding, it was expressly determined that the ordinance was not subject to the objection of class legislation. In that case concerning the business of barbering it is said: ''The business of carrying on a barber shop is in every respect lawful and respectable; it is in no sense objectionable from any point of view, but these are not the tests to

be applied to the ordinance in question. The business is purely secular, and not a work of necessity or charity. It is distinct and the ordinance is general in its application to barbers, and does not attempt to classify them, but applies alike to all persons following that particular occupation. * * * The fact, therefore, that it embraces only barbers, and in the judgment of some does not go far enough, and should include all other avocations [vocations], or be general, is no reason why it should not be upheld to the extent it does go, when, though limited in its application, it affects alike all persons following the particular avocation [vocation] inhibited on Sunday. Such an ordinance is not unreasonable." The same might well be said of the automobile business.

The inhibition against class legislation in Sunday regulations arises when the effect of the law is to prohibit a carrying on of a legitimate business or occupation while allowing other businesses or occupations not reasonably to be distinguished from those prohibited to be carried on freely. *Denver v. Bach,* 26 Colo. 530, 58 Pac. 1089.

It is to be observed that the ordinance before us applies alike to all those who are engaged in selling, bartering or exchanging new, used or secondhand motor vehicles. At least, so far as the record discloses, the business of selling automobiles new or secondhand is as particular and distinct as the business of barbering. It is reasonably to be distinguished from all other businesses and no general merchandising business is competitive as against it.

No showing is made, nor is it suggested, that by virtue of exceptions in the ordinance under consideration or any other ordinance of the city of Denver is it lawful for any person to sell motor vehicles of any type in Denver on Sunday. By this circumstance any charge of discrimination, a characteristic of class or special legislation, is eliminated.

If, for example, a hardware dealer was lawfully permitted to sell automobiles on Sunday and others were prohibited from so doing, the ordinance so providing would

be special legislation, or if an ordinance forbade the Sunday sale of passenger automobiles and permitted the sale on that day of motor trucks the question might arise, but not so in the case of businesses not of charity or of necessity where all persons engaged in that activity, either exclusively or incidentally, are equally precluded. Apparently, in recognition of this principle, the defendant makes a futile effort to show discrimination by pointing out, as is stipulated, that the business of selling gasoline and allied products, the operation of the garages for the repair and storage of automobiles, the selling of automobile equipment, tires and accessories, all of which businesses are regulated in some particular by the city, by no ordinance are required to be closed on Sunday.

Obviously the sale of the items and commodities last enumerated does not amount to or reasonably approximate the selling of motor vehicles. Surely the fact that these operations are not prohibited cannot be urged as a discrimination against one engaged in the business of selling new or secondhand automobiles. In fact, so far as the ordinance before us is concerned, a dealer in used and secondhand automobiles who was also engaged in the business of selling gasoline, oils, automobile accessories and automobile tires could just as lawfully engage in this branch of his business on Sunday as could any other person exclusively engaged in the handling of the latter articles.

In support of his argument that the ordinance amounts to class legislation the defendant principally relies upon the cases of *Denver v. Bach, supra,* and of *Mergen v. Denver,* 46 Colo. 385, 104 Pac. 399. The case of *Denver v. Bach, supra,* was decided prior to *McClelland v. Denver, supra,* and Mr. Justice Gabbert delivered the opinion of the court in both. In the latter case, where the Bach case, as here, was relied upon by the defendant, the court distinguished the earlier case from the McClelland case, saying: "It is contended by counsel for plaintiff in error that *Denver v. Bach, supra,* is decisive of this case. That

case differs from the one at bar in this: That the ordinance there considered was held invalid because it imposed upon dealers in clothing a restriction not imposed on dealers in other merchandise. In other words, it recognized that there were different classes of merchants engaged in practically the same business, and prohibiting one class and not another was obnoxious to the constitutional provisions against class legislation. The ordinance here considered affects all barbers alike.'' This differentiation applies with equal force to the case at bar.

*Mergen v. Denver, supra,* being expressly based upon the authority of *Denver v. Bach, supra,* is rendered impotent in effect here by the distinction made by the court in the McClelland case.

By reason of the facts involved, the case of *Allen v. City of Colorado Springs,* 101 Colo. 498, 75 P. (2d) 141, recently decided by this court, likewise has no application to the proceeding before us. Allen was engaged in the retail grocery business in the city of Colorado Springs and was charged with the violation of an ordinance by keeping open his store for the sale of merchandise on Sunday contrary to the provisions of the ordinance. By virtue of an exception in the same ordinance drug stores were permitted to operate on Sundays. By the stipulated facts it appeared that retail drug stores were direct competitors of Allen, selling in the ordinary course of their business on Sunday articles which Allen by the provision of the ordinance was prohibited from selling on that day. Allen contended that by permitting drug stores in competition with him to sell on Sunday the ordinance became discriminatory and this court, upon authority of *Denver v. Bach, supra,* sustained his contention.

In determining that the case of *McClelland v. Denver, supra,* controls the point under consideration we are not unmindful of the circumstance that the carrying on of the business of barbering on Sunday in any city of the first or second class was prohibited by a general law, which detail was considered as a factor in the reasoning of Mr.

Justice Gabbert, who wrote the opinion of the court in upholding the validity of the ordinance. However, it is to be noted from the opinion that Justices Gunter, Goddard, Maxwell and Bailey concurred in the affirmance of the judgment upon the express ground that the ordinance was not subject to the objection of class legislation, without reference to the fact that barbering was inhibited on Sunday by the state law, which they believed was not involved. In the light of this view of a clear majority of the court *McClelland v. Denver* must be considered as being decisive of this question.

In this connection it may be added that the Supreme Court of Nebraska in *Stewart Motor Co. v. Omaha,* 120 Neb. 776, 235 N. W. 332, held that an ordinance of the city of Omaha, forbidding the sale or exchange of motor vehicles and the keeping open of a place of business for such purposes on Sunday was a valid exercise of police power and not discriminatory nor vulnerable to attack as class legislation under the prohibition of the Nebraska Constitution.

As has been mentioned, the defendant here is regularly engaged in the business of selling new and secondhand automobiles and the violation of the ordinance here involved took place on a Sunday. In view of these facts and because different considerations might control, we do not pass upon the validity of the ordinance in so far as it pertains to the sales of motor vehicles made upon holidays not falling on Sundays or as it may affect persons not engaged in the ordinary business of selling new or secondhand motor vehicles who might privately engage in a single sales transaction on the proscribed day.

The judgment is affirmed.

Mr. Justice Bouck dissents.