No. 23859.

Duke W. Dunbar, the Attorney General for the State
of Colorado; Guy Van Cleve, the Sheriff of the County
of Adams; Floyd W. Marks, the District Attorney for
the County of Adams; Earl Towne, the Chief of Police
in and for the City of Westminster; and Matthew
Matlock, the Chief of Police in and for the City of
Thornton *v.* James Hoffman.

(468 P.2d 742)

Decided May 4, 1970.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, William Tucker, Assistant, James K. Kreutz, Assistant, for plaintiffs in error.

George J. Francis, Frances DeLost, for defendant in error.

*En Banc.*

Mr. Justice Pringle delivered the opinion of the court.

The sole issue for determination in this case is the constitutionality of C.R.S. 1963, 40-12-20 which provides: "It shall be a misdemeanor for any person to carry on the business of barbering on Sunday in any city of the first or second class, whether incorporated by general law or special charter, in the state of Colorado."

James Hoffman, hereinafter referred to as the plaintiff, is a licensed barber and maintains two barber shops, one in the City of Thornton and the other on Federal Boulevard in Adams County. It has always been the plaintiff's practice to close his barber shop located in Thornton on Sundays in accordance with the statute set forth above. However, from April 1967 until June 1, 1968, the plaintiff made it his practice to operate his barber shop on Federal Boulevard on Sundays. The defendant discontinued Sunday operation of his shop on Federal Boulevard in 1968 shortly after an area encompassing his shop was annexed by the City of Westminster, a city of the second class.

The plaintiff filed a complaint asking the court to declare C.R.S. 1963, 40-12-20 unconstitutional and requesting both preliminary and permanent injunctive relief from enforcement of that statute. Following presentation of testimony and legal argument, the trial judge ruled that the statute in question was unconstitutional. The trial judge found that the provision of the statute limiting its effect to barber shops located in cities of the first and second class violates the plaintiff's right to equal

protection of the law under the Fourteenth Amendment to the United States Constitution and amounts to special legislation prohibited by Article V, Section 25 of the Colorado constitution. We agree with the ruling of the court and our agreement thus is dispositive of the case, rendering superfluous any discussion of other issues raised by the parties.

I.

Equal protection of the law is a guarantee of like treatment of all those who are similarly situated. Any classification of persons singled out for legislation must be reasonable and not arbitrary and must be based on substantial differences having a reasonable relation to the persons dealt with and the public purpose to be achieved. *Lee v. People,* 170 Colo. 268, 460 P.2d 796.

The business of carrying on a barber shop is in every respect lawful and respectable and in no sense objectionable from any point of view. Restrictions on its operation are therefore valid only when in the proper exercise of the police power. In the present case, it is agreed that under the authorities the only purpose behind the statute which would entitle it to be held constitutional is that it is a proper exercise of the police power to ensure employees and laborers at least one day of rest each week. See *McClelland v. City of Denver,* 36 Colo. 486, 86 P.2d 126. The class singled out for protection by the statute is barbers working within cities of the first and second class.

In order for the statute to pass the muster of constitutionality, it must appear to this Court that the subclassification of barbers into those who work in cities of the first and second class is reasonable and is made on the basis of substantial differences between them and barbers in all other governmental subdivisions of the state which bear a reasonable relation to the purpose pursued by the statute. Clearly, if there is no reasonable basis for the sub-classification of barbers made by the statute, then barbers as a class of workers all similarly

situated are not being given equal protection of the law, and the statute must fail.

 There is, of course a presumption that every statute is valid and constitutional, and the burden of clearly demonstrating the unconstitutionality of a statute is upon the party asserting its invalidity. *Love v. Bell,* 171 Colo. 27, 465 P.2d 118. However, this Court must be able to reasonably conceive of a state of facts which justifies statutory discrimination or classification under the circumstances presented in each case. See *McGowan v. State of Maryland,* 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393; *Love v. Bell, supra.*

 This Court fails to conceive of any reasonable state of facts bearing a reasonable relation to the purpose behind Sunday closing laws which could justify the classification made in C.R.S. 1963, 40-12-20. The plaintiff testified that the population and number of homes in the suburbs and unincorporated areas surrounding the city of Westminster are the same as those within the city. Yet under the provisions of the statute, barber shops in the unincorporated area may remain open on Sundays while barber shops within the city may not. Under the statute, the mere event of annexation was sufficient to change the status of the plaintiff's barber shop from one which may be operated on Sundays into one which may not without any other change taking place which would relate reasonably to the purpose behind the statute. Such unreasonable discrimination among barbers denies the plaintiff the equal protection of the laws to which the constitution entitles him.

The attorney general does not call our attention to any reason supporting the classification made by the statute. Instead, he argues that the classification is merely territorial, and there is no denial of equal protection so long as those similarly situated within the designated place are treated equally under the law. In this case, the thrust of the problem goes not to territorial application of the statute but to the reasonableness of the classifica-

tion made in the statute. It is only incidental that such classification is made on the basis of criteria which have a certain, territorial location.

II.

■ The inhibition against class legislation contained in Article V, Section 25 of the Colorado constitution arises when the effect of the law is to prohibit a carrying on of a legitimate business or occupation while allowing other businesses or occupations not reasonably to be distinguished from those prohibited to be carried on freely. *Rosenbaum v. City and County of Denver*, 102 Colo. 530, 81 P.2d 760; *Denver v. Bach*, 26 Colo. 530, 58 P. 1089.

Thus, in *Denver v. Bach, supra,* this Court struck down as special legislation a Denver City Ordinance which prohibited the sale of certain merchandise on Sunday when there was no reasonable basis to distinguish between sales of prohibited merchandise and other sales not prohibited under the ordinance. In *Allen v. City of Colorado Springs*, 101 Colo. 498, 75 P.2d 141, this Court again struck down a city Sunday closing ordinance as being special legislation prohibited by the Colorado constitution on the basis that there was no reasonable distinction between business dealings permitted to take place on Sunday and those prohibited.

■ The effect of the statute in question here is to prohibit barbers from working on Sunday within cities of the first and second class while permitting all other barbers not so located to pursue their trade on Sunday. We have already pointed out that this Court cannot conceive of a justifiable reason for such a classification. Consequently, the statute is in violation of Article V, Section 25 of the Colorado constitution.

The judgment is affirmed.

MR. CHIEF JUSTICE McWILLIAMS not participating.