No. 24505.

THE PEOPLE OF THE STATE OF COLORADO
v. ROBERT SPRENGEL AND MABEL SPRENGEL.
(490 P.2d 65)

Decided November 1, 1971.

JAMES D. MCKEVITT, District Attorney, Second Judicial District, GREGORY A. MUELLER, Assistant, JARVIS W. SECCOMBE, Chief Deputy, EDWARD A. SIMONS, Deputy, COLEMAN M. CONNOLLY, Deputy, for plaintiff in error.

HOLLAND & HART, WARREN L. TOMLINSON, BRUCE W. SATTLER, for defendants in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

DEFENDANTS in error, hereinafter referred to as defendants, own and operate a motel. At the time they purchased the motel, it had a permanent display advertising sign reading "2 for $7," which apparently cannot be lowered or temporarily covered as the lettering is attached to a neon board. The sign is large enough to be observed from the Valley Highway.

A private investigator was sent to the motel to determine the availability of rooms at "2 for $7," and upon inquiry, he found that only one double room remained vacant and that that room rented for $10. He asked about the sign reading "2 for $7," and was told that those rooms

were already rented, as were all other rooms except the one offered to the investigator. Of the 24 rooms in the motel, 13 rent at the rate of two persons for $7 per night or less, while the 11 remaining rooms rent for more than $7 per night. The prices are not changed for the summer tourist season, but remain constant year-around.

A complaint charging the defendants with violating C.R.S. 1963, 13-21-3(1) (Illegal Motel Sign) was filed in the Denver County Court, and, on stipulated facts and written briefs the court held C.R.S. 1963, 13-21-3(1) unconstitutional as violative of Article V, Section 25 of the Colorado constitution. Plaintiff in error, hereinafter referred to as the People, seek reversal of that decision.

The statute in question provides:

"Advertising prohibited when. — (1) No person shall display or cause to be displayed any sign or signs which may be seen from a public highway or street, which sign or signs include in dollars and cents a statement relating to the rates charged at an auto camp unless accommodations are available at rates quoted at all times such sign is posted." C.R.S. 1963, 13-21-3(1).

"Auto camp" is defined as "any auto or tourist camp, park or campsite, tourist court, auto court, auto hotel, motor court, motor hotel owned, operated, controlled or leased by any person, firm, association, or corporation." C.R.S. 1963, 13-21-1. According to the stipulation and briefs the law was being administered on the state interpretation that motels are included in this classification, but hotels, inns and similar types of accommodations are not.

We hold the trial court's determination that the statute in question is unconstitutional is correct since violation of the Fourteenth Amendment of the United States Constitution amounts to special legislation prohibited by Article V, Section 25 of the Colorado Constitution.

In *Dunbar v. Hoffman*, 171 Colo. 481, 468 P.2d 742 (1970), we noted:

"Equal protection of the law is a guarantee of like treatment of all those who are similarly situated. Any classification of persons singled out for legislation must be reasonable and not arbitrary and must be based on substantial differences having a reasonable relation to the persons dealt with and the public purpose to be achieved. *Lee v. People,* 170 Colo. 268, 460 P.2d 796."

*See Champlin Co. v. Cruse,* 115 Colo. 329, 173 P.2d 213 (1946).

██ It is elementary that defendant, as the party asserting the unconstitutionality of the statute, must clearly demonstrate such a defect; and, that "if we can conceive of any *reasonable* state of facts bearing a reasonable relation to the purpose behind C.R.S. 1963, 13-21-3(1) which could justify the classification made," we must uphold the statute. *Dunbar v. Hoffman, supra.* (Emphasis added.)

█ Here, the statute is designed to protect the traveling public from so-called "bait advertising." To pass the test of constitutionality, however, the classification implicit in the statute between "auto camps" and hotels (and other omitted types of accommodations) must be reasonable and based upon a substantial difference which reasonably relates to the purpose of the statute. Obviously, if no reasonable basis for such classification appears, motel owners are being denied the equal protection of the law, and the statute is unconstitutional. *See Dunbar v. Hoffman, supra.*

In the past, "motor courts" could be factually distinguished from hotels. The former usually offered no more than a room for the night, while the latter offered not only a room, but usually restaurant and lounge facilities, valet service and room service. The former catered only to the automobile traveler, while the latter catered primarily to rail, bus and air travelers. In this regard, the demise of rail passenger traffic, the increase in the availability and use of rental automobiles, and the increase in ownership and use of automobiles in general should

be noted. Today, however, motels and hotels can be distinguished in title only. Motels frequently are of the same size as larger hotels, and offer the same quality and types of services and accommodations to any traveler. That motels generally may be located in a closer proximity to highways than hotels is irrelevant. Motels and hotels both offer substantially identical services and accommodations to any traveler. Both cater to all travelers, and it would be unreasonable to say that motels cater to the automobile traveler while hotels do not. Indeed, it is not unusual to find a motel located only a few blocks from a hotel, and both equidistant from a highway. Under these circumstances, we are compelled to find that the statute denies motel owners the equal protection of the law.

The judgment is affirmed.