## No. 26166

**The People of the State of Colorado v. Robert F. Gould, Jr.**
(532 P.2d 953)

Decided March 17, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, James S. Russell, Assistant, for plaintiff-appellee.

Michael F. Morrissey, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Defendant Gould was convicted of the crime of gross sexual imposition, section 18-3-402, C.R.S. 1973, and conspiracy, section 18-2-201, C.R.S. 1973. The only contention which he raises on appeal is that the gross sexual imposition statute is facially unconstitutional, and as a result, his conviction thereunder cannot stand. We do not agree and therefore affirm.

The gross sexual imposition statute states in relevant part:

"18-3-402. *Gross Sexual Imposition.* (1) Any male who has sexual intercourse with a female person not his spouse, commits gross sexual imposition if:

(a) He compels her to submit by any threat less than those set forth in section 18-3-401(1)(a),[1] but of sufficient consequence reasonably calculated to overcome resistance;"

The defendant asserts that by its singular reference to "male(s)," the statute excludes from its prohibition females, and as such, works a denial on his right to the equal protection of the law as guaranteed by the Fourteenth Amendment to the United States Constitution. The People contend that obvious physiological differences between men and women call for different legislative treatment, and there is clearly a rational basis for the legislature to have confined the prohibition of this statute to males. We agree.

---

[1]18-3-401. *Rape.* (1) Any male who has sexual intercourse with a female person not his spouse commits rape, if:

(a) He compels her to submit by force or by threat of imminent death, serious bodily harm, extreme pain, or kidnapping, to be inflicted on anyone;

■ While prohibiting arbitrary distinctions, the equal protection clause does not require blanket uniformity or exact equality in all areas of the law. *Norvell v. Illinois,* 373 U.S. 420, 83 S.Ct. 1366, 10 L.Ed.2d 456 (1963); *United States v. Smith,* 464 F.2d 194 (10th Cir. 1972); *Andrus v. Turner,* 421 F.2d 290 (10th Cir. 1970); *Lisco v. McNichols,* 208 F.Supp. 471 (D.C. Colo. 1962).

■ The Fourteenth Amendment does not deny a state the power to treat different classes of persons in different ways as long as the classification is reasonable. *Eisenstadt v. Baird,* 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972).

In *West Coast Hotel Company v. Parrish,* 300 U.S. 379, 400, 57 S.Ct. 578, 585-586, 81 L.Ed. 703, 713 (1936), the United States Supreme Court has pointed out the parameters within which the legislatures may work in dealing with the equal protection clause:

"This Court has frequently held that the legislative authority, acting within its proper field, is not bound to extend its regulation to all cases which it might possibly reach. The legislature 'is free to recognize degrees of harm and it may confine its restrictions to those classes of cases where the need is seen to be clearest.' If 'the law presumably hits the evil where it is most felt, it is not to be overthrown because there are other instances to which it might have been applied.' There is no 'doctrinaire requirement' that the legislation should be couched in all embracing terms."

■ While legislative classification based solely on sexual status is subject to close judicial scrutiny, yet, the legislative classification will be sustained if it is related to the objective of the statute, and is reasonable and not arbitrary. *Reed v. Reed,* 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971); *Dunbar v. Hoffman,* 171 Colo. 481, 468 P.2d 742; *Lee v. People,* 170 Colo. 268, 460 P.2d 796; *People v. McKenzie,* 169 Colo. 521, 458 P.2d 232; *People v. Stark and Peacock,* 157 Colo. 59, 400 P.2d 923; *In re Interest of J.D.G.,* Mo. 498 S.W.2d 786 (1973). *See also United States v. Saint Clair,* 291 F.Supp. 122 (S.D.N.Y. 1968).

Confronted with a similar challenge to its rape statute, the Arizona Supreme Court stated:

"* * * [W]e believe that the need for treating males and females

differently in enacting the rape statute is clearly reasonable. The statute satisfied the real, if not compelling need to protect potential female victims from rape by males.

"However, for obvious physiological as well as sociological reasons, we perceive no need by males for protection against females from rape which would be sufficient to demand legislative attention. The fact that the law does not provide the same protection to males as it does to females does not deny the male perpetrator the equal protection of the law. The classification is logical and rational. The individual's as well as the government's interests are apparent." *State v. Kelly,* 111 Ariz. 181, 526 P.2d 720, 723.

■ The statute, in singling out males, is clearly based on a difference that has a substantial relation to the object of the legislation.

We affirm the judgment of the district court.