BOARD OF COUNTY COMMISSIONERS
OF the COUNTY OF WELD, State of
Colorado, Employer, Petitioner,

v.

Fidelia E. MUNIZ, Isabel L. Archuleta,
Pamela Duran (Culp), Martha A. Rodri-
quez, Employees, and the Industrial
Commission of the State of Colorado,
Respondents.

Nos. 81CA1207, 81CA1208, 82CA0040
and 82CA0041.

Colorado Court of Appeals,
Div. I.

Aug. 19, 1982.

Rehearing Denied Sept. 16, 1982.

Certiorari Granted Jan. 10, 1983.

R. Russell Anson, Asst. Weld County
Atty., Greeley, for petitioner.

J.D. MacFarlane, Atty. Gen., Richard F.
Hennessey, Deputy Atty. Gen., Mary J.
Mullarkey, Sol. Gen., David L. Lavinder,
Robert C. Lehnert, Asst. Attys. Gen., Den-
ver, for respondents.

STERNBERG, Judge.

The issue in this proceeding is whether
§ 8–73–107(3), C.R.S.1973 (1981 Cum.Supp.)
violates the equal protection clause of the
United States and Colorado Constitutions.[1]
We hold that it does because it imposes an
unreasonable classification, and therefore,
we set aside the orders of the Industrial
Commission which were premised on that
statute.

Respondents Muniz, Rodriquez, Duran,
and Archuleta were employed in a federally
funded headstart project operated by Weld
County. The project operated only during
the school year. The named respondents,
finding themselves out of work during the
summer months between school terms, ap-
plied for, and were granted, unemployment
compensation benefits for those months un-

1. We address the issue of constitutionality of a
statute relating to the Industrial Commission
pursuant to the order of the Supreme Court set
forth as Appendix A to *Matthews v. Industrial
Commission*, 627 P.2d 1123 (Colo.App.1980).

der § 8–73–107, C.R.S.1973 (1981 Cum. Supp.). The record reveals that all of these employees had received a reasonable assurance of being able to return to work in the fall.

In 1979, teachers' aids employed by Weld County through its Department of Human Resources in a headstart program were held not to be eligible for unemployment benefits for the summer months. *Board of County Commissioners v. Martinez,* 43 Colo. App. 322, 602 P.2d 911 (1979). There we stated:

"The General Assembly provided a guide to interpretation of the unemployment compensation laws by declaring the purpose of the act was to alleviate economic insecurity due to involuntary unemployment of persons unemployed through no fault of their own. Section 8–70–102, C.R.S.1973. The General Assembly further determined that personnel of educational institutions, including teachers, whose work schedules included a three-month summer vacation, rather than a three-month period of involuntary unemployment, did not fit into the class of persons to be protected by the unemployment compensation fund. Section 8–73–107, C.R.S.1973.

Project Headstart is a preschool program for economically disadvantaged children providing classes and services to meet the intellectual, social, and health needs and to enhance the potential for success of each child in the program. 42 U.S.C.A. §§ 2922 and 2928; and *see* Legislative History Pub.L. No. 93–644 (1974), *U.S. Code Cong. & Ad.News* 8048 and 8084. Further, the record here reveals Headstart programs are run similarly to public school programs, following the regular school calendar for classes and vacation periods. In the context of this statute an institution is 'an established organization; especially, one dedicated to public service.' *American Heritage Dictionary* (1969). An 'educational institution' is one which 'teaches and improves its pupils; a school, seminary, college or educational establishment.' *Clinic v. Oglesby,* 42 Ariz. 98, 22 P.2d 1076 (1933).

Weld County, through its Department of Human Resources, is an institution which, as to the Headstart program, is conducting a school, and, as such, is an 'educational institution' under the unemployment compensation act. Its employees are, therefore, excluded from coverage during summer recess so long as the other provisions of the section are met."

After that decision, the General Assembly amended the statute to except from the definition of "educational institution:"

"[A] headstart program which is not a part of a school administered by a board of education because such headstart employees are not subject to the same employment conditions as other employees of the school."

Under this amendment, headstart employees of a program operated by a school district would not be entitled to claim unemployment compensation benefits during the summer months, while those working in a county administered program would be eligible.

Purportedly, the reason the statute was amended was to conform to federal law, 26 U.S.C. § 3304(a)(6) (1976). It was stated at the legislative hearing that the statute did not "make a lot of sense." Transcript, *Colorado Senate Business Affairs & Labor Committee Hearing,* January 12, 1981 (S.B. 34). We agree.

█ In determining the constitutionality of a statute, we begin with the premise that the statute is presumed valid and constitutional. *Mosgrove v. Town of Federal Heights,* 190 Colo. 1, 543 P.2d 715 (1975). A statute will not be held unconstitutional if a state of facts can be hypothesized which justifies the specified statutory classification. *People v. Sprengel,* 176 Colo. 277, 490 P.2d 65 (1971); *Dunbar v. Hoffman,* 171 Colo. 481, 468 P.2d 742 (1970). But, when no rational basis exists for the classification, the statute will fall under equal protection analysis. *See Kistler v. Industrial Commission,* 192 Colo. 172, 556 P.2d 895 (1976).

Here, we can conceive of no fact situation which constitutes a rational justification for making a distinction between headstart workers who are employed in county administered programs and headstart workers who are employed by school districts. Thus, the statute cannot stand.

The orders are set aside and the cause is remanded with directions to deny the respondents' unemployment compensation claims.

COYTE and VAN CISE, JJ., concur.